UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, individually and as parent
and next friend of N.D.-R, R.D.-R., and J.D.-R,
minors, and JAYNE ROWSE, individually and as parent
and next friend of N.D.-R, R.D.-R., and J.D.-R,
minors,

    Plaintiffs,                                                                    ED Mi No. 12-10285

-vs-

RICHARD SNYDER, in his official capacity as
Governor of the State of Michigan, and
BILL SCHUETTE, in his official capacity as
Michigan Attorney General,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PARTIES

    1. Plaintiffs April DeBoer and Jayne Rowse are citizens and residents of Hazel Park, Michigan, in the Eastern District of Michigan, Southern Division.  DeBoer and Rowse each appear individually and as parent and next friend of N.D.-R ("N"), R.D.-R. ("R"), and J.D.-R ("J"), minors.

    2.  Defendant Richard Snyder is sued in his official capacity as Governor of the State of Michigan.  Governor Snyder is a person within the meaning of 42 U.S.C. §1983, and he is, was, and will be acting under color of state law at all times relevant to this Complaint.

    3.  Defendant Bill Schuette is sued in his official capacity as Michigan Attorney General.  Schuette is a person within the meaning of 42 U.S.C. §1983, and he is, was, and will be acting

under color of state law at all times relevant to this Complaint.

## JURISDICTION AND VENUE

3. Plaintiffs bring this action under 42 U.S.C. §§1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 1343.  Jurisdiction to grant the declaratory relief requested is provided under 28 U.S.C. §2201.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the defendants reside and have offices within the district, because plaintiffs reside in this district, and because the events giving rise to plaintiffs' claims occurred, and will occur,  in this district.

## FACTS

6. April DeBoer, Jayne Rowse, and minors N, R and J currently live in Hazel Park, Michigan.  DeBoer and Rowse are domestic partners in a long term stable relationship.  After a long and close friendship, they became partners, they have resided together for six years, they own a home together, and as described herein, they are the parents of the different minor plaintiffs in this case.

7.  DeBoer is and was employed as a nurse in the neonatal intensive care unit at Hutzel Hospital in Detroit, Michigan.  Rowse is and was employed as an emergency room nurse at Henry Ford Hospital in Detroit, Michigan.

8. R was born on February 1, 2010, and was brought to Hutzel Hospital as a newborn. R's biological mother was 19 years old, she did not receive pre-natal care, and she had given birth at her mother's home.  R was legally adopted by DeBoer, as a single person, in April of 2011, in Wayne County Circuit Court.  R continues to experience issues related to her lack of pre-natal care, including delayed gross motor skills.  She is in a physical therapy program to address these

problems.

9. N was born on January 25, 2009 to a biological mother who was homeless, had psychological impairments, was unable to care for N and subsequently surrendered her legal rights to N.  N's biological father was not identified on the birth certificate and was otherwise not involved in his life.  DeBoer and Rowse volunteered to care for him, and brought him home following his birth.  Thereafter, in November of 2009, N was legally adopted by Rowse, as a single person, in Wayne County Circuit Court.

10.  J was born on November 9, 2009, at Hutzel Hospital, premature at 25 weeks, to a drug-addicted prostitute.  Upon birth, he weighed 1 pound, 9 ounces and tested positive for marijuana, cocaine, opiates and methadone.  His birth mother abandoned him immediately after delivery.  J remained at the hospital in the NICU for four months with a myriad different health complications, and was not expected to live.  If he survived, he was not expected to be able to walk, speak or function on a normal level in any capacity.  J's foster care agency requested that DeBoer and Rowse take him home, and both DeBoer and Rowse were certified by the State as foster parents and legal guardians for J.  Thereafter, Rowse adopted J as a single person in Wayne County Circuit Court.  J is in intensive occupational and physical therapy.  With Rowse and DeBoer's constant care and medical attention, many of J's physical conditions have resolved.

11. It is April DeBoer's desire and intention to allow Jayne Rowse to adopt, as a second parent, R,  and it is Jayne Rowse's desire and intention to adopt R, as a second parent.  DeBoer and Rowse agree that  all rights of inheritance, succession, and any other applicable rights should be fully effectuated as a result of this adoption of R.

12.  It is Jayne Rowse's desire and intention to allow April DeBoer to adopt, as a second parent, N and J, and it is April DeBoer's desire and intention to adopt N and J as a second parent.

DeBoer and Rowse agree that all rights of inheritance, succession, and any other applicable rights should be fully effectuated as a result of this adoption of N and J.

    13. Rowse and DeBoer enjoy a close and loving relationship with each other, and they have created a stable, loving household for these three children. They share finances, they make decisions jointly regarding their own lives and the lives of their children, they both cook and care for the children, they both attend to the children's medical needs and both are involved in taking the children to their many doctor and therapy visits, and they coordinate their work schedules so that at least one parent is generally home with the children. Prior to their adoption of the children, the couple expressed their vows at a commitment ceremony in February of 2007 which was attended by both of their families and friends. They each enjoy a close relationship with their respective family of origin, they were and are supported by their families in their decision to adopt the children, and they are supported by their families when needed in caring for the children. DeBoer and Rowse enjoy an extremely high functioning, low-conflict, domestic relationship despite the enormous challenges involved in raising three young, special needs children.

    14. The Michigan Constitution prohibits same-sex couples from marrying. Plaintiffs DeBoer and Rowse would marry in the State of Michigan if legally permitted..

    15. Michigan law relating to adoption and second parent adoption, pursuant to MCL 710.24, provides as follows: (a) married couples can adopt a child, (b) a single person can adopt a child, and (c) an unmarried couple cannot adopt a child. As a result of this law, and as a result of Defendants' execution and defense of that law and advice to state judges and other officials that Michigan law prohibits second parent adoptions, any attempt at securing a second parent adoption of the minor plaintiffs would be futile under Michigan law, MCL 710.24.

**CLAIM FOR RELIEF**

16. Plaintiffs repeat and re-allege paragraphs 1 through 13 as if set in full.

17. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall deny any person the equal protection of the laws.

18. As a result of MCL 710.24, and as a result of Defendants' execution and defense of that law and advice to state judges and other officials that Michigan law prohibits second parent adoptions while allowing a single unmarried person to adopt a child or a married couple to adopt a child, state court judges and other officials in Michigan will not approve second parent adoptions by unmarried persons, and the children of unmarried "second" parents seeking to adopt in Michigan and unmarried second parents seeking to adopt in Michigan are denied legal, emotional, financial, social, medical, and other benefits. As such, the plaintiffs identified herein are subjected to adverse treatment solely because the minor plaintiffs' parents are an unmarried couple.

19. Under Michigan law, married stepparents can lawfully adopt the children of their spouse, and consequently, the Michigan statutory scheme which prohibits second parent adoptions by unmarried persons is arbitrary, capricious, lacking in any rational basis, and is therefore invalid under any form of scrutiny.

20. The disparate treatment of the children of unmarried parents and of unmarried parents seeking a step-parent adoption, based upon the marital status of the parents, violates the Equal Protection Clause of the United States Constitution.

21. As applied, Michigan's law prohibiting second parent adoptions by unmarried persons serves no legitimate government interest. The undisputed sociological and psychological evidence demonstrates that there are some significant sociological and psychological benefits for

children having two parents rather than one.  Moreover, the undisputed sociological and psychological evidence demonstrates that unmarried persons, straight, gay or lesbian, are no less loving, caring and effective parents than those parents who are married to each other. In addition, there are very significant legal benefits for children having two legal parents rather than one: (a) the legal right to have a parent automatically in the event of the death of the other parent, (b) the right to dependency benefits under laws and other contractual arrangements providing for dependency benefits, such as social security, workers compensation, pensions, insurance and tort law, and (c) the right to have at least one parent able and available to make decisions in the event the other parent is incapacitated or is unavailable.

22.  By prohibiting a second parent from adopting the child of that parent's partner, Michigan law impairs deeply personal relationships, deprives the minor child Plaintiffs in this case of the myriad legal, sociological and psychological benefits attendant to having two legal parents, and deprives Plaintiff parents and step parents in this case of their fundamental rights of parental autonomy and family autonomy.

23.  Defendants' execution and defense of Michigan's adoption laws, as applied, does not serve any compelling, substantial or otherwise sufficient government interest, nor does it serve such interests in an adequately tailored manner.  As applied, Defendants' actions have the effect of unlawfully discriminating against Plaintiff parents and their children.  Accordingly, Defendants' conduct violates the Equal Protection Clause of the United States Constitution.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

A. Declaring that the provisions of MCL 710.24, which prohibits second parent adoptions by unmarried persons, violates the plaintiff children, parents and step parents' rights under the

Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    B.   Entering orders as follows:

(1) enjoining Defendant Bill Schuette, in his official capacity as the Michigan Attorney General, and Defendant Richard Snyder, in his official capacity as the Governor of the State of Michigan, from attempting to block the plaintiff-parents' attempts at securing second parent adoptions of the plaintiff-children named in this action, and enjoining them from defending the actions of any and all state officials attempting to bar the second parent adoptions of the plaintiff-children named in this action;

(2)  enjoining all state judges and other officials presented with the plaintiffs' request for second parent adoption from refusing to process said adoptions based upon the unmarried status of the Plaintiff,

(3) requiring Defendant Schuette to inform all judges and other State of Michigan officials of the orders entered herein and to advise them under this Court's decree that they are required to process the plaintiffs' request for adoption irrespective of plaintiffs' status as unmarried persons.

    C. Awarding plaintiffs reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    D. Granting such other and further relief as the Court deems just and proper.

    Respectfully submitted,

/s/ Dana Nessel
DANA M. NESSEL P51346
645 Griswold Street, Suite 3060
Detroit, MI 48226
(313) 556-2300
dananessel@hotmail.com

*s/Carole M. Stanyar*
CAROLE M. STANYAR P34830
682 Deer Street
Plymouth, MI 48170
(313) 963-7222
*cstanyar@wowway.com*

Attorneys for Plaintiffs

Of counsel:

*s/Robert A. Sedler*
ROBERT A. SEDLER  P31003
Wayne State University Law School
 471 W. Palmer Street
Detroit, MI 48202
(313) 577-3968
rsedler@wayne.edu

Dated: January 23, 2012