UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, individually and as parent
and next friend of N.D.-R, R.D.-R., and J.D.-R,
minors, and JAYNE ROWSE, individually and as parent
and next friend of N.D.-R, R.D.-R., and J.D.-R,
minors,

    Plaintiffs,                                             ED Mi No. 12-10285
                                                     Honorable Bernard A. Friedman

-vs-

RICHARD SNYDER, in his official capacity as
Governor of the State of Michigan,
BILL SCHUETTE, in his official capacity as
Michigan Attorney General, and
BILL BULLARD, JR., in his official capacity as
Oakland County Clerk,

    Defendants.
_____/

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### PARTIES

      1. Plaintiffs April DeBoer and Jayne Rowse are citizens and residents of Hazel Park, Oakland County, Michigan, in the Eastern District of Michigan, Southern Division.  DeBoer and Rowse each appear individually and as parent and next friend of N.D.-R, R.D.-R., and J.D.-R, minors.

      2. Defendant Richard Snyder is sued in his official capacity as Governor of the State of Michigan.  Snyder is a person within the meaning of 42 U.S.C. §1983, and he is, was, and will be acting under color of state law at all times relevant to this Complaint.

1

3. Defendant Bill Schuette is sued in his official capacity as Michigan Attorney General. Schuette is a person within the meaning of 42 U.S.C. §1983, and he is, was, and will be acting under color of state law at all times relevant to this Complaint.

4. Defendant Bill Bullard, Jr. is sued in his official capacity as the Oakland County Clerk. Bullard is a person within the meaning of 42 U.S.C. §1983, and he is, was, and will be acting under color of state law at all times relevant to this Complaint.

## JURISDICTION AND VENUE

5. Plaintiffs bring this action under 42 U.S.C. §§1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 1343. Jurisdiction to grant the declaratory relief requested is provided under 28 U.S.C. §2201.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants reside and have offices within the district, because Plaintiffs reside in this district, and because the events giving rise to Plaintiffs' claims occurred, and will occur, in this district.

## FACTS

8. DeBoer and Rowse are domestic partners in a long term stable relationship. After a long and close friendship, they became partners, they have resided together for six years, they own a home together, and as described herein, they are the parents of the different minor plaintiffs in this case.

9. DeBoer is and was employed as a nurse in the neonatal intensive care unit at Hutzel Hospital in Detroit, Michigan. Rowse is and was employed as an emergency room nurse at Henry Ford Hospital in Detroit, Michigan.

10.  R was born on Februrary 1, 2010, and was brought to Hutzel Hospital as a newborn. R's biological mother was 19 years old, she did not receive pre-natal care, and she had given birth at her mother's home. R was legally adopted by DeBoer, as a single person, in April of 2011, in Wayne County Circuit Court. R continues to experience issues related to her lack of pre-natal care, including delayed gross motor skills.  She is in a physical therapy program to address these problems.

11. N was born on January 25, 2009, to a biological mother who was homeless, had psychological impairments, was unable to care for N and subsequently surrendered her legal rights to N. N's biological father was not identified on the birth certificate and was otherwise not involved in his life. DeBoer and Rowse volunteered to care for him, and brought him home following his birth. Thereafter, in November of 2009, N was legally adopted by Rowse, as a single person, in Wayne County Circuit Court.

12. J was born on November 9, 2009, at Hutzel Hospital, premature at 25 weeks, to a drug addicted prostitute. Upon birth, he weighed 1 pound, 9 ounces and tested positive for marijuana, cocaine, opiates and methadone. His birth mother abandoned him immediately after delivery. J remained at the hospital in the NICU for four months with myriad different health complications, and was not expected to live. If he survived, he was not expected to be able to walk, speak or function on a normal level in any capacity. J's foster care agency requested that DeBoer and Rowse take him home, and both DeBoer and Rowse were certified by the State as foster parents and legal guardians for J. Thereafter, Rowse adopted J as a single person in Wayne County Circuit Court. J is in intensive occupational and physical therapy. With Rowse and DeBoer's constant care and medical attention, many of J's physical conditions have resolved.

13. It is April DeBoer's desire and intention to allow Jayne Rowse to adopt, as a second parent, R, and it is Jayne Rowse's desire and intention to adopt R, as a second parent. DeBoer and Rowse agree that all rights of inheritance, succession, and any other applicable rights should be fully effectuated as a result of this adoption of R.

14. It is Jayne Rowse's desire and intention to allow April DeBoer to adopt, as a second parent, N and J, and it is April DeBoer's desire and intention to adopt N and J as a second parent. DeBoer and Rowse agree that all rights of inheritance, succession, and any other applicable rights should be fully effectuated as a result of this adoption of N and J.

15. Rowse and DeBoer enjoy a close and loving relationship with each other, and they have created a stable, loving household for these three children. They share finances, they make decisions jointly regarding their own lives and the lives of their children, they both cook and care for the children, they both attend to the children's medical needs and both are involved in taking the children to their many doctor and therapy visits, and they coordinate their work schedules so that at least one parent is generally home with the children. Prior to their adoption of the children, the couple expressed their vows at a commitment ceremony in February of 2007, which was attended by both of their families and friends. They each enjoy a close relationship with their respective family of origin, they were and are supported by their families in their decision to adopt the children, and they are supported by their families when needed in caring for the children. DeBoer and Rowse enjoy an extremely high functioning, low-conflict, domestic relationship despite the enormous challenges involved in raising three young, special needs children.

## COUNT I

(Defendants Richard Snyder and Bill Schuette)

16. The Michigan Constitution prohibits same-sex couples from marrying. Mich. Const. 1963, art 1, §25.  Plaintiffs DeBoer and Rowse would marry in the State of Michigan if legally permitted to do so.

17. Michigan law relating to adoption and second parent adoption, pursuant to MCL 710.24, provides as follows: (a) married couples can adopt a child, (b) a single person can adopt a child, and (c) an unmarried couple cannot adopt a child. As a result of this law, and as a result of Defendants' execution and defense of that law and advice to state judges and other officials that Michigan law prohibits second parent adoptions by unmarried couples, any attempt by DeBoer and Rowse at securing a second parent adoption of the minor plaintiffs would be futile under Michigan law, MCL 710.24.

18.  The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall deny any person the equal protection of the laws.

19.  As a result of MCL 710.24, and as a result of Defendants' execution and defense of that law and advice to state judges and other officials that Michigan law prohibits second parent adoptions by unmarried couples while allowing a single unmarried person to adopt a child or a married couple to adopt a child, state court judges and other officials in Michigan will not approve second parent adoptions by unmarried couples, and the children of unmarried "second" parents seeking to adopt in Michigan and unmarried second parents seeking to adopt in Michigan are denied legal, emotional, financial, social, medical, and other benefits. As such, Plaintiffs identified herein are subjected to adverse treatment solely because the minor Plaintiffs' parents

are an unmarried couple.

20. Under Michigan law, a married step-parent can lawfully adopt the children of his or her spouse, and consequently, the Michigan statutory scheme which prohibits second parent adoptions by unmarried couples is arbitrary, capricious, lacking in any rational basis, and is therefore invalid under any standard of scrutiny.

21. The disparate treatment of the children of unmarried couples and of unmarried couples seeking a step-parent adoption, based upon the marital status of the parents, violates the Equal Protection Clause of the United States Constitution.

22. As applied, Michigan's law prohibiting second parent adoptions by unmarried persons serves no legitimate government interest. There are very significant legal benefits for children having two legal parents rather than one: (a) the right to have a parent automatically in the event of the death of the other parent, (b) the right to dependency benefits under laws and other contractual arrangements providing for dependency benefits, such as social security, workers compensation, pensions, insurance and tort law, and (c) the right to have at least one parent able and available to make decisions in the event the other parent is incapacitated or is unavailable.

23. By prohibiting a second parent from adopting the child of that parent's partner, Michigan law impairs deeply personal relationships, deprives the minor child Plaintiffs in this case of the myriad legal, sociological and psychological benefits attendant upon having two legal parents, and deprives Plaintiff parents in this case of their fundamental rights of parental autonomy and family autonomy.

24. Defendants' execution and defense of Michigan's adoption laws, as applied, does not

serve any compelling, substantial or otherwise sufficient government interest, nor does it serve such interests in an adequately tailored manner. As applied, Defendants' actions have the effect of unlawfully discriminating against Plaintiff parents and Plaintiffs' children. Accordingly, Defendants' conduct violates the Equal Protection Clause of the United States Constitution.

## COUNT II

(Defendants Richard Snyder, Bill Schuette, and Bill Bullard, Jr.)

25. Plaintiffs repeat and re-allege paragraphs 1 through 24 as if set in full.

26. The Michigan Constitution, specifically, the Michigan Marriage Amendment, prohibits same-sex couples from marrying. Mich. Const. 1963, art 1, §25.

27. As a result, Plaintiffs are excluded from a broad array of statutory protections, benefits, and mutual responsibilities afforded, under federal, state and local laws and regulations, exclusively to married persons and their families. Plaintiffs are denied protections relating to the incapacitation or death of a spouse, support for family finances and other public and private safety nets and responsibilities attaching to marriage, including the following:

    (a) Plaintiffs are denied protections afforded married families upon the death of one member of the couple, such as intestacy rights permitting the surviving spouse/parent to inherit automatically from the deceased's spouse's estate if there are no parents or issue; the right of the surviving spouse/parent to an allowance or to occupy the homestead while the estate is being settled; the right of the surviving spouse/parent to file a wrongful death lawsuit when a spouse is killed; and presumptions benefitting spouses/parents in the absence of a designated beneficiary for death benefits and life insurance policies;

(b) Plaintiffs are denied protections resulting from the right of employee spouses/parents to file for or receive workers' compensation death benefits, even though the adult plaintiff-employees pay insurance premiums for workers' compensation benefits to provide protections to employees and their dependents if the employee is injured or killed on the job, and may pay precisely the same taxes and insurance premiums as their work colleagues;

(c) Plaintiffs are denied the financial safety net provided to spouses/parents under numerous tax laws, including the right to file jointly to reduce tax liability, and tax benefits when transferring or inheriting interests in real and personal property;

(d) Plaintiffs may be denied family health insurance coverage and the adult plaintiffs/parents may be denied continuation of coverage provided to spouses of deceased public employees;

(e) Plaintiffs may be denied the full benefit of dissolution laws that regulate the separation and divorce process, protect the rights of both spouses/parents and determine custody, visitation, support and other matters, some of which may be addressed, if at all, only in *ad hoc* processes for unmarried same-sex adults/parents;

(f) Adult plaintiffs are denied the automatic right to make health care decisions for a spouse when the spouse cannot, including the right to withhold or withdraw life-sustaining procedures and the right to donate a spouse's organs and tissues;

(g) Adult plaintiffs are denied the automatic right to make burial decisions and other decisions concerning the disposition and handling of remains of deceased spouses; and

(h) Because many private parties rely upon the State's definition of a "spouse", plaintiffs also suffer deprivation of many privately conferred benefits and protections, such as from employers, banks, and insurers.

28. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall deny any person the equal protection of the laws.

29.  As a result of Mich. Const. 1963, art 1, §25, and as a result of Defendant Bullard's refusal to issue a marriage license to any unmarried couple, plaintiffs are denied legal, financial, social, medical, and other benefits. As such, the plaintiffs identified herein are subjected to adverse treatment solely because they are a same sex, unmarried couple.

30. Under Michigan law, married persons retain all of the foregoing rights and privileges.

31.  The applicable standard for evaluating the constitutionality of the Michigan Marriage Amendment is the "important and substantial relationship" test.   Michigan's constitutional amendment banning same sex marriage fails this test.

32.  In addition, beause the Michigan Marriage Amendment serves no legitimate government interest, it fails the rational basis test, and cannot survive any form of scrutiny.

33. The disparate treatment of the same sex couples, and their children, in Michigan violates the Equal Protection Clause of the United States Constitution.

34. In addition, based upon all of the foregoing, the Michigan Marriage Amendment also violates the Due Process Clause of the United States Constitution because it unconstitutionally

burdens the exercise of fundamental rights, it fails the rational basis test, and cannot survive any standard of scrutiny.

### RELIEF SOUGHT

WHEREFORE, for the reasons expressed in Count I, Plaintiffs respectfully request that this Court enter a judgment:

A. Declaring that the provisions of MCL 710.24, which prohibits second parent adoptions by unmarried couples, violates the plaintiff children's and parents' rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

B.  Entering orders as follows:

(1) enjoining Defendant Bill Schuette, in his official capacity as the Michigan Attorney General, and Defendant Richard Snyder, in his official capacity as the Governor of the State of Michigan, from attempting to block the Plaintiff-parents' attempts at securing second parent adoptions of the Plaintiff-children named in this action, and enjoining either of them from defending the actions of any and all state officials attempting to bar the second parent adoptions of the Plaintiff-children named in this action;

(2)  enjoining all state judges and other officials presented with the Plaintiffs' request for second parent adoption from refusing to process said adoptions based upon the unmarried status of the Plaintiffs; and

(3) requiring Defendant Schuette to inform all judges and other State of Michigan officials of the orders entered herein and to advise them under this Court's decree that they are required to process the Plaintiffs' request for adoption irrespective of Plaintiffs' status as unmarried persons.

C. Awarding plaintiffs reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

D. Granting such other and further relief as the Court deems just and proper.

In addition, for the reasons expressed in Count II, Plaintiffs respectfully request that this Court enter a judgment as follows:

A. Declaring that:

(1) the provisions of the Michigan Marriage Amendment, Mich. Const. 1963, art 1, §25, which prohibits same-sex couples from marrying, violates the Plaintiff children's and parents' rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(2) Same-sex couples otherwise qualified to marry one another, including the adult Plaintiffs, may not be denied a marriage license application, a marriage license, a marriage certificate, or in any other way prevented from exercising the right to civil marriage by virtue of seeking to marry a partner of the same sex; and

(3) Children of same-sex couples who wish to marry under Michigan law may not be denied the legitimacy, rights, protections, benefits, support, security, and obligations conferred on children whose parents wish to marry and are permitted to marry under Michigan law.

B. Entering orders as follows:

(1) enjoining Defendant Bill Schuette, in his official capacity as the Michigan Attorney General, Defendant Richard Snyder, in his official capacity as the Governor of the State of Michigan, and Defendant Bill Bullard, Jr., in his official capacity as the Oakland County Clerk, from attempting to block same-sex couples', including the adult Plaintiffs', attempts at securing a marriage license in any county of Michigan, and enjoining Defendants from defending the actions of any and all state officials attempting to bar the Plaintiff-parents from obtaining a marriage license;

(2) requiring Defendant Bullard immediately to issue a valid marriage license to adult plaintiffs upon receipt of their completed application for a marriage license;

C. Awarding Plaintiffs reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

D. Granting such other and further relief as the Court deems just and proper.

                                                        Respectfully submitted,

Dated: September 7, 2012                     */s/ Dana Nessel*
                                                        DANA M. NESSEL P51346
                                                        645 Griswold Street, Suite 3060
                                                        Detroit, MI 48226
                                                        (313) 556-2300
                                                        dananessel@hotmail.com

                                                        *s/Carole M. Stanyar*
                                                        CAROLE M. STANYAR P34830
                                                        682 Deer Street
                                                        Plymouth, MI 48170
                                                        (313) 963-7222
                                                        *cstanyar@wowway.com*

                                                        Attorneys for Plaintiffs

                                                        Of counsel:

                                                        *s/Robert A. Sedler*
                                                        ROBERT A. SEDLER  P31003
                                                        Wayne State University Law School
                                                         471 W. Palmer Street
                                                        Detroit, MI 48202
                                                        (313) 577-3968
                                                        rsedler@wayne.edu


                                                        *s/ Kenneth M. Mogill*
                                                        Kenneth M. Mogill P17865
                                                        MOGILL, POSNER & COHEN
                                                        27 E Flint Street, 2nd Floor
                                                        Lake Orion, MI 48362
                                                        (248) 814-9470
                                                        *kmogill@bignet.net*