UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, et al.,

    Plaintiffs,                                        Civil Action No. 12-cv-10285
                                                        HON. BERNARD A. FRIEDMAN

vs.

RICHARD SNYDER, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT**

**I.    Introduction and Facts**

Plaintiffs April DeBoer and Jayne Rowse (collectively "plaintiffs") initially commenced this action against Richard Snyder and Bill Schuette, in their respective official capacities as Governor of the State of Michigan and Michigan Attorney General (collectively "defendants"), on the ground that their enforcement and defense of section 24 of the Michigan Adoption Code (hereinafter "section 24"), Mich. Comp. Laws § 710.24, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs have since amended their complaint to include a second cause of action challenging the validity of Michigan's constitutional prohibition against same-sex marriage (hereinafter the "Michigan Marriage Amendment" or "MMA"), Mich. Const. Art. I, § 25, pursuant to the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[1]

---

[1] The amended complaint also added former Oakland County Clerk, Bill Bullard, Jr. as a party defendant. He filed a motion to dismiss the amended complaint on November 8, 2012 [docket entry 45]. As a result of the November 2012 election, however, Lisa Brown was elected

-1-

Currently before the Court is defendants' motion to dismiss the amended complaint [docket entry 44]. Plaintiffs filed a response [docket entry 46] and defendants filed a reply [docket entry 48].

Plaintiffs are an unmarried same-sex couple residing in Hazel Park, Michigan. They have lived together for the past six years and jointly own their residence. DeBoer is a nurse in the neonatal intensive care unit at Hutzel Hospital and Rowse is an emergency room nurse at Henry Ford Hospital, both located in Detroit. In November 2009, Rowse, as a single person, legally adopted child N. Thereafter, also as a single person, she legally adopted child J. DeBoer, as a single person, adopted child R in April 2011. Plaintiffs seek to jointly adopt the three children, but section 24 and the Michigan Marriage Amendment operate in tandem to prevent them from doing so. The former restricts adoptions to either single persons or married couples and the latter restricts the state's legal definition of marriage to heterosexual couples.

In their motion to dismiss, defendants argue, among other things, that plaintiffs fail to state a cognizable equal protection claim because they cannot demonstrate that the MMA lacks a rational relationship to a legitimate state interest. Defendants also contend that the MMA does not violate due process because plaintiffs do not possess a fundamental right to marry another individual of the same gender.

In response, plaintiffs contend that the MMA violates the Equal Protection Clause regardless of the level of constitutional scrutiny applied by the Court. Assuming that the rational basis test applies, plaintiffs assert that the MMA is not rationally related to any conceivable

---

to the position of Oakland County Clerk/Register of Deeds and replaced Bullard on January 1, 2013. She has withdrawn Bullard's motion to dismiss [docket entry 52].

legitimate purpose. Plaintiffs further urge the Court to invalidate the MMA on substantive due process grounds because it infringes their fundamental right to marry an individual of the same gender.

## II.     Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Shane v. Bunzl Distrib. USA, Inc., 200 F. App'x 397, 401 (6th Cir. 2006) *citing* Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). Instead, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) *quoting* Iqbal, 556 U.S. at 678.

## III.    Analysis

Plaintiffs' equal protection claim has sufficient merit to proceed. The United States Supreme Court's recent decision in *United States v. Windsor*, No. 12-307 (U.S. Jun. 26, 2013), has provided the requisite precedential fodder for both parties to this litigation. Defendants will no doubt cite to the relevant paragraphs of the majority opinion espousing the state's "historic and essential authority to define the marital relation." Id. slip op. at 18. They will couch the popular referendum that resulted in the passage of the MMA as "a proper exercise of [the state's] sovereign authority within our federal system, all in the way that the Framers of the Constitution

intended." Id. slip op. at 19. After all, what could more accurately embody "[t]he dynamics of state government in the federal system. . . to allow the formation of consensus respecting the way the members of a discrete community treat each other in their daily contact and constant interaction with each other," id., than a legitimate vote of the people of the State of Michigan to preserve their chosen definition of marriage in the fabric of the state constitution.

On the other hand, plaintiffs are prepared to claim *Windsor* as their own; their briefs sure to be replete with references to the newly enthroned triumvirate of *Romer v. Evans*, 517 U.S. 620 (1996), *Lawrence v. Texas*, 539 U.S. 558 (2003) and now *Windsor*. And why shouldn't they? The Supreme Court has just invalidated a federal statute on equal protection grounds because it "place[d] same-sex couples in an unstable position of being in a second-tier marriage." Id. slip op. at 23. Moreover, and of particular importance to this case, the justices expressed concern that the natural consequence of such discriminatory legislation would not only lead to the relegation of same-sex relationships to a form of second-tier status, but impair the rights of "tens of thousands of children now being raised by same-sex couples" as well. Id. This is exactly the type of harm plaintiffs seek to remedy in this case.

Construing the facts in the light most favorable to plaintiffs, and in view of the Supreme Court's current statement of the law, this Court cannot say that plaintiffs' claims for relief are without plausibility.[2]  Plaintiffs are entitled to their day in court and they shall have it.

---

[2] Plaintiffs' due process cause of action will likewise move forward because it states a plausible claim for relief. See Perry v. Schwarzenegger, 704 F. Supp. 2d 921, 991-993 (N.D. Cal. 2010) (finding that California's state constitutional amendment barring same-sex marriage violates the Due Process Clause); but see Jackson v. Abercrombie, 884 F. Supp. 2d 1065, 1086 (D. Haw. 2012) (finding that Hawaii's state constitutional amendment barring same-sex marriage does not violate the Due Process Clause).

Accordingly,

IT IS ORDERED that defendants' motion to dismiss the amended complaint is denied.

IT IS FURTHER ORDERED that the parties are to appear for a Rule 16 scheduling conference on Wednesday, July 10, 2013 at 3:00 p.m. to set cut-off dates and a trial date.

                                        s/ Bernard A. Friedman_____
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 1, 2013
       Detroit, Michigan