UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, *et al.*,

    Plaintiff,

vs.

                                      Case No. 12-cv-10285
                                      Hon. Bernard A. Friedman

RICHARD SNYDER, *et al.*,

    Defendant.

---

### DEFENDANT LISA BROWN'S ANWER TO
### AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    Defendant Lisa Brown, in her official capacity as Oakland County Clerk, by and through her attorneys, Pitt McGehee Palmer Rivers & Golden, P.C., states the following as her Answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief:

### Parties

    1.    Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 1 of Plaintiffs' Complaint.

    2.    Defendant Brown admits upon information and belief that Defendant Snyder is Governor of the State of Michigan.  The remaining allegations in paragraph 2 call for legal conclusions to which no response is required by Defendant Brown.

    3.    Defendant Brown admits upon information and belief that Defendant Schuette is Michigan Attorney General.  The remaining allegations in paragraph 2 call for legal conclusions to which no response is required by Defendant Brown.

    4.    Defendant Brown admits that as of the filing of Plaintiffs' Complaint, Bill Bullard, Jr. was the Oakland County Clerk.  Defendant Brown further states that she is currently

the Oakland County Clerk.  The remaining allegations in paragraph 2 call for legal conclusions to which no response is required by Defendant Brown.

### Jurisdiction and Venue

5.	Defendant Brown admits that Plaintiffs bring this action under 42 U.S.C. 1983 & 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

6.	Defendant Brown admits that this Court has jurisdiction pursuant to 28 U.S.C. 1331, 1343, & 2201.

7.	Defendant Brown admits upon information and belief that venue is proper in this district.

### Facts

8.	Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 8 of Plaintiffs' Complaint.

9.	Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 9 of Plaintiffs' Complaint.

10.	Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 10 of Plaintiffs' Complaint.

11.	Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 11 of Plaintiffs' Complaint.

12.	Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 12 of Plaintiffs' Complaint.

13.	Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 13 of Plaintiffs' Complaint.

14.     Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 14 of Plaintiffs' Complaint.

15.     Defendant Brown lacks sufficient knowledge to admit or deny the allegation contained in paragraph 15 of Plaintiffs' Complaint.

## Count I

16. – 24.   Count I requires no response from Defendant Brown.

## Count II

25.     Defendant Brown incorporates all of her above responses as if fully stated herein.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

## Relief Sought

Defendant Brown cannot enforce the Michigan Marriage Amendment of the Michigan Constitution without infringing upon and violating the Plaintiffs' rights under the United States Constitution.  For this reason, Defendant Brown respectfully requests that this Court enter declaratory relief in favor of Plaintiffs, including as follows:

(1) Enter judgment declaring that the provisions of the Michigan Marriage Amendment which prohibit same sex marriage violates the Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(2) Enter judgment declaring that same sex couples otherwise qualified to marry one another, may not be denied a marriage license application, a marriage license, a marriage certificate, or be prevented from exercising the right to civil marriage by virtue of seeking to marry a partner of the same sex; and

(3) Enter judgment declaring that children of same sex couples who wish to marry under Michigan law may not be denied the legitimacy, rights, protections, benefits, support, security, and obligations conferred on children whose parents wish to marry and are permitted to marry under Michigan law.

                Respectfully submitted,

                PITT MCGEHEE PALMER RIVERS & GOLDEN, P.C.

      By:  /s/ Andrea J. Johnson
           Andrea J. Johnson (P74596)
           Attorney for Plaintiff
           117 W. Fourth Street, Suite 200
           Royal Oak, Michigan 48067
           (248) 398-9800

Dated:  July 23, 2013

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on July 23, 2013.

  Signature:  /s/ Andrea J. Johnson
         117 W. Fourth Street, Suite 200
         Royal Oak, MI 48067
         (248) 398-9800
         ajohnson@pittlawpc.com