UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| APRIL DEBOER, *et al,* | Civil Action No. 12-cv-10285 |
| Plaintiffs, | HON. BERNARD A. FRIEDMAN |
| v | |
| RICHARD SNYDER, *et al* | MAG. MICHAEL J. HLUCHANIUK |
| Defendants. | |

Dana M. Nessel (P51346)
Attorney for Plaintiffs
645 Griswold Street, Suite 3060
Detroit, MI  48226
(313) 556-2300
dananessel@hotmail.com

Carole M. Stanyar (P34830)
Attorney for Plaintiffs
682 Deer Street
Plymouth, MI  48170
(313) 963-7222
cstanyar@wowway.com

Kristin M. Heyse (P64353)
Tonya C. Jeter (P55352)
Attorneys for State Defendants
Mich. Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 373-7700; Fax (517) 351-1152
heysek@michigan.gov
jetert@michigan.gov

Andrea J. Johnson (P74596)
Michael L. Pitt (P24429)
Beth M. Rivers (P33614)
Attorneys for Defendant Lisa Brown
Pitt McGehee Palmer Rivers & Golden, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, MI  48067
(248) 398-9800
ajohnson@pittlawpc.com
mpitt@pittlawpc.com
brivers@pittlawpc.com

# STATE DEFENDANTS' REPLY IN SUPPORT OF
# MOTION FOR SUMMARY JUDGMENT

Bill Schuette
Attorney General

Kristin M. Heyse
Tonya C. Jeter
Assistant Attorneys General
Attorneys for State Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 373-7700
heysek@michigan.gov
jetert@michigan.gov
P64353
P55352

Dated:  September 17, 2013

# TABLE OF CONTENTS

Page

Table of Contents ...................................................................................... i

Index of Authorities................................................................................. iii

Controlling or Most Appropriate Authority.............................................. v

Introduction............................................................................................... 1

Argument.................................................................................................. 1

I.    State Defendants are entitled to summary judgment because Plaintiffs have failed to establish that their constitutional rights have been violated. ............................................................. 1

    A.    The Michigan Marriage Amendment is not unconstitutional. ................................................................. 1

        1.    Under *Baker v. Nelson*, Michigan's Marriage Amendment does not violate Plaintiffs' constitutional rights................................................... 2

        2.    Plaintiffs expand the holdings of *Windsor, Romer,* and *Lawrence* beyond that intended by the Supreme Court. ........................................................... 4

        3.    The State is not denying the humanity of gays and lesbians by defining marriage the way it has been defined around the world for millennia. ............... 6

    B.    The Michigan Adoption Code is not unconstitutional............ 7

        1.    Plaintiffs' speculation regarding *Lofton*'s continued viability should be rejected. ......................... 7

        2.    At most, Plaintiffs' challenge of the Regnerus study illustrates that the research on same-sex families is inconclusive. ............................................... 9

Conclusion and Relief Requested ........................................................... 10

Certificate of Service (e-file) ................................................................... 11

# INDEX OF AUTHORITIES

Page

**Cases**

*Adar v. Smith,*
  639 F.3d 146 (5th Cir. 2011) ............................................................................... 8

*Agostini v. Felton,*
  521 U.S. 203 (1997) ............................................................................................ 3

*Baker v. Nelson,*
  409 U.S. 810 (1972) ............................................................................................ 2

*Florida Dep't of Children and Families v. Adoption of S.S.G. and N.R.G.,*
  45 So.3d 79 (Fla. App. 2010) .............................................................................. 8

*Jackson v. Abercrombie,*
  884 F. Supp. 2d 1065 (D. Haw. 2012) ............................................................ 8, 9

*Kerrigan v. Comm'r of Pub. Health,*
  957 A.2d 407 (Conn 2008) .................................................................................. 7

*Koch v. United States,*
  544 U.S. 995 (2005) ............................................................................................ 3

*Lawrence v. Texas,*
  539 U.S. 558 (2003) ........................................................................................ 3, 5

*Lofton v. Sec'y of the Dep't of Children and Family Serv.,*
  358 F.3d 804 (11th Cir. 2004) ......................................................................... 6, 7

*Romer v. Evans,*
  517 U.S. 620 (1996) ........................................................................................ 3, 5

*United States v. Koch,*
  383 F.3d 436 (6th Cir. 2004) ............................................................................... 3

*United States v. Windsor*,
  133 S. Ct. 2675 (2013) ....................................................................................... 3, 5

*Vance v. Bradley*,
  440 U.S. 93 (1979) ................................................................................................. 9

*Wilson v. Ake*,
  354 F. Supp. 2d 1298 (2005) ............................................................................... 6, 8

## Statutes

Mich. Comp. Laws § 710.24 ....................................................................................... 7

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: *Baker v. Nelson*, 409 U.S. 810 (1972); *United States v. Windsor*, 133 S. Ct. 2675 (2013); *Lofton v. Sec'y of the Dep't of Children & Family Serv.*, 358 F.3d 804 (11th Cir. 2004).

# INTRODUCTION

Given the long-standing precedent authorizing states to define and regulate marriage and adoption, this Court must reject Plaintiffs' attempt to circumvent the democratic process and disrupt the will of the people of the State of Michigan. Because Plaintiffs fail to establish that either the Michigan Marriage Amendment or the Michigan Adoption Code run afoul of the Constitution, their claims must fail, and the people of the State of Michigan must be allowed to decide how they want to define marriage and who should be allowed to adopt children.

# ARGUMENT

**I. State Defendants are entitled to summary judgment because Plaintiffs have failed to establish that their constitutional rights have been violated.**

  **A. The Michigan Marriage Amendment is not unconstitutional.**

There is no fundamental right to marry a person of the same sex, and the U.S. Constitution neither requires, nor permits federal courts to invalidate a state's decision to maintain the traditional definition of marriage as the union of one man and one woman. Moreover, Plaintiffs fail to establish that Michigan's reasons for adopting the Marriage

1

Amendment are irrational—mere disagreement with them is not enough. Indeed, Plaintiffs' argument rests on the conclusion that there is only one rational way to define marriage—as between two consenting adults—and that it makes no difference for raising children whether a child has both a mother and a father. The State's response, however, is a modest one: it is within the realm of reason to believe that having both a mother and a father benefits children.

This point reflects the reality that every child of a traditional marriage has a mother and a father. But in a same-sex marriage, there is always one biological parent who is not a legal one, and one legal parent who is not a biological one. The State does not seek to injure anyone, but rather wishes to foster what the majority of its citizens believe to be best for children. That effort is a reasoned one. Accordingly, State Defendants are entitled to judgment as a matter of law as to Plaintiffs' challenge to the Marriage Amendment.

> **1. Under *Baker v. Nelson*, Michigan's Marriage Amendment does not violate Plaintiffs' constitutional rights.**

Plaintiffs and Defendant Brown continue to urge this Court to disregard *Baker v. Nelson*, 409 U.S. 810 (1972), in favor of the "trilogy"

2

of later decisions, *i.e.*, *United States v. Windsor*, 133 S. Ct. 2675 (2013), *Romer v. Evans*, 517 U.S. 620 (1996), and *Lawrence v. Texas*, 539 U.S. 558 (2003). But the Sixth Circuit has cautioned against such disregard of Supreme Court precedent. Indeed, in *United States v. Koch*, 383 F.3d 436, 438-39 (6th Cir. 2004) (*en banc*), *rev'd on other grounds* in *Koch v. United States*, 544 U.S. 995 (2005), the *en banc* Sixth Circuit recognized that lower courts lack the authority to declare a Supreme Court decision overruled, even when they believe the Court would reach a different outcome today. Instead, that authority is reserved for the Supreme Court itself:

> "It is always embarrassing for a lower court to say whether the time has come to disregard decisions of a higher court, not yet explicitly overruled, because they parallel others in which the higher court has expressed a contrary view." *Spector Motor Serv. v. Walsh*, 139 F.2d 809, 823 (2d Cir. 1943) (L. Hand, J., dissenting), *vacated sub nom. Spector Motor Serv. v. McLaughlin*, 323 U.S. 101 (1944). But the "exhilarating opportunity" to anticipate the overruling of Supreme Court precedent should be resisted, *id.*, because the Court generally bears responsibility for determining when its own cases have been overruled by later decisions. *See generally Agostini v. Felton*, 521 U.S. 203 (1997).

*Koch*, 383 F.3d at 438-39; *see also Agostini*, 521 U.S. 203 at 237 (directing courts to "'follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions'"). Therefore,

3

until the Supreme Court explicitly decides otherwise, *Baker* controls this case, and Michigan's Marriage Amendment is constitutional.

### 2. Plaintiffs expand the holdings of *Windsor, Romer,* and *Lawrence* beyond that intended by the Supreme Court.

In addition to being distinguishable from the instant action,[1] *none* of the "trilogy" cases actually stands for the proposition that Plaintiffs advance here—that the people of the State of Michigan's decision to retain a traditional definition of marriage is unconstitutional. Rather, Plaintiffs expand the holdings of the "trilogy" cases far beyond that intended by the Supreme Court.

*Windsor* did not hold, as Plaintiffs argue, that there is no principled or rational basis for distinguishing between traditional and same-sex marriage. (*See* Plaintiffs' Brief in Opposition to State Defendants' Motion for Summary Judgment, Doc. # 76, p. 3). In fact, *Windsor* did not even examine rational-basis arguments. Rather,

---

[1] *See* State Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment, Doc. # 74, pp. 3-4; *see also* State Defendants' Reply Brief, Doc. 48, pp. 10-12.

*Windsor* struck down the Defense of Marriage Act, a federal statute, because the federal government failed to follow New York's definition of marriage, after the Supreme Court recognized the state's sovereign authority over the definition of marriage. *Windsor*, 133 S. Ct. at 2691-93. It did not determine that the traditional marriage definition violated the Constitution.

Likewise, *Romer* did not prohibit states from maintaining a traditional definition of marriage. Instead, it involved the withdrawal of an existing right to same-sex marriage and a "bare desire . . . to harm" gays and lesbians, neither of which exist in this case. *Romer*, 517 U.S. at 635.

Finally, while the Supreme Court did decriminalize private, consensual sex between adults of the same sex in *Lawrence*, it also explicitly stated that its holding did not extend to "whether the government must give formal recognition to any relationship that homosexual persons may seek to enter." *Lawrence*, 539 U.S. at 578. Indeed, there is a distinct difference between protecting the right to engage in private conduct without facing criminal sanctions and the "affirmative right to receive official and public recognition [of same-sex

marriage]." *Lofton v. Sec'y of the Dep't of Children and Family Serv.*, 358 F.3d 804, 817 (11th Cir. 2004); *Wilson v. Ake*, 354 F. Supp. 2d 1298, 1307 (2005).

In sum, the "trilogy" of cases that Plaintiffs rely on do not support the position that they advance here—that Michigan's decision to retain a traditional definition of marriage is irrational or unconstitutional.

### 3. The State is not denying the humanity of gays and lesbians by defining marriage the way it has been defined around the world for millennia.

The State is not, as Plaintiffs suggest, denying "the fundamental humanity" of gays and lesbians by denying them the right to marry. (*See* Plaintiffs' Brief in Opposition to State Defendants' Motion for Summary Judgment, Doc. # 76, p. 5), any more than the State denies the fundamental humanity of underage or closely related individuals by denying them the right to marry each other. Regulation of marriage is not a novel concept, and it does not equate to a denial of "fundamental humanity."

### B. The Michigan Adoption Code is not unconstitutional.

Despite Plaintiffs' insistence otherwise, Michigan does not have, nor has it ever permitted, second-parent adoptions. In Michigan, *only* legally married couples are permitted to jointly adopt. Mich. Comp. Laws § 710.24. No single person—regardless of sex or sexual orientation—may join with another single person to adopt a child in Michigan. Further, the fact that same-sex families exist in Michigan does not in and of itself make irrational the State's position that, all things being equal, it is optimal for children to be raised in a family where both sexes are represented. Accordingly, State Defendants are entitled to judgment as a matter of law as to the challenge to the Adoption Code.

### 1. Plaintiffs' speculation regarding *Lofton*'s continued viability should be rejected.

While Plaintiffs seek to minimize, if not disregard, the holding of *Lofton*, 358 F.3d at 804, by citing *Kerrigan v. Comm'r of Pub. Health*, 957 A.2d 407 (Conn 2008), court decisions have continued to rely on *Lofton's* reasoning that the state has a legitimate interest in encouraging family stability and the optimal family structure by seeking to place adoptive children in homes that have both a mother

7

and father. *See Jackson v. Abercrombie*, 884 F. Supp. 2d 1065, 1098-99, 1114, 1116 (D. Haw. 2012); *Wilson*, 354 F. Supp. 2d at 309.

Indeed, in *Adar v. Smith*, 639 F.3d 146, 162 (5th Cir. 2011), the Court addressed *Lofton* and agreed that the state has "a legitimate interest in encouraging a stable and nurturing environment for the education and socialization of its adopted children." And "[s]ince such an end is legitimate, the only question is the means." *Id.* Therefore, "[the state] may rationally conclude that having parenthood focused on a married couple or single individual—not on the freely severable relationship of unmarried partners—furthers the interests of adopted children." *Id.*

Accordingly, and contrary to Plaintiffs' argument otherwise, unlike in *Florida Dep't of Children and Families v. Adoption of S.S.G. and N.R.G.*, 45 So.3d 79 (Fla. App. 2010), a single adult, either sex, heterosexual or homosexual, *is* specifically allowed to adopt in Michigan. A person's sexual orientation is not a factor considered. Simply stated, the Adoption Code treats a single gay or lesbian person the same as it treats a single heterosexual person. Thus, *Florida Dep't of Children* is inapplicable. In this State, there is no automatic

8

categorical exclusion of only single gays and lesbians from joint adoptions. In Michigan, no single persons can jointly adopt.

### 2. At most, Plaintiffs' challenge of the Regnerus study illustrates that the research on same-sex families is inconclusive.

Finally, Plaintiffs' challenge to the Regnerus study does nothing to negate the deficiencies of the studies identified by Regnerus, *i.e.*, that they were biased or had too small of a sample size. In fact, in their attack on the study, Plaintiffs actually bolster the State Defendants' position—that the same-sex marriage is too new for data and studies to be conclusive. At minimum, with ample support on both sides of the issue, the matter is at least debatable, and Plaintiffs, therefore, fail to meet their burden of showing that there is no rational basis for Michigan's Adoption Code. *See Jackson*, 884 F. Supp. 2d at 1072, (citing *Vance v. Bradley*, 440 U.S. 93, 110-11 (1979) (finding that in summary-judgment context, if the facts determining a question that is subject only to rational-basis review are "at least debatable," the State is entitled to summary judgment).

9

## CONCLUSION AND RELIEF REQUESTED

State Defendants respectfully request this Court deny Plaintiffs' Motion for Summary Judgment, grant State Defendants' Motion for Summary Judgment, award State Defendants their attorneys' fees and costs, and grant further relief this Court deems just and equitable.

                                     Respectfully submitted,

                                     Bill Schuette
                                     Attorney General

                                     <u>/s/Kristin M. Heyse</u>
                                     Kristin M. Heyse
                                     Tonya C. Jeter
                                     Assistant Attorneys General
                                     Attorneys for State Defendants
                                     Health, Education & Family
                                     Services Division
                                     P.O. Box 30758
                                     Lansing, MI  48909
                                     (517) 373-7700
                                     heysek1@michigan.gov
                                     jetert@michigan.gov
                                     P64353
                                     P55352

Dated:  September 17, 2013

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on September 17, 2013, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Kristin M. Heyse
Assistant Attorney General
Attorneys for State Defendants
Health, Education & Family
Services Division
P.O. Box 30758
(517) 373-7700
heysek1@michigan.gov
P64353
