UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, et al.,

       Plaintiff,

                              Case No. 2:12-cv-10285-BAF-MJH
v                                 Hon. Bernard A. Friedman

RICHARD SNYDER, et al.,

       Defendants.
_____/

**DEFENDANT BROWN'S REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT FOR PLAINTIFFS**

I. **The State Defendants fail to demonstrate that marriage is distinct from any other intimate association right.**

The State Defendants fail to advance any reason why the intimate association of marriage should be treated differently than other fundamental right under the umbrella of intimate association rights.[1]  As Defendant Brown pointed out in her first brief, the fundamental right of intimate association encompasses many intimate bonds, including marriage and similar unions. *See* Doc. No. 68 at 8-17. The Supreme Court has drawn no distinction between the fundamental intimate association rights of homosexuals and heterosexuals.  *See Lawrence v. Texas,* 539 US 558, 574 (2003).  The State Defendants have given this Court no persuasive reason to rule that any right under the umbrella of fundamental intimate association rights should not apply to homosexuals or same sex couples in the same manner as heterosexual or opposite sex couples.  Thus, the Court should apply strict scrutiny to invalidate the MMA.

---

[1] Defendant Brown relies upon her Response Brief to demonstrate that *Baker v. Nelson,* 409 US 810 (1972) does not control the outcome of this case.

## II. The State Defendants fail to refute evidence that the MMA was motivated by animus.

The State Defendants attempt to persuade this Court that the motivations of the proponents of the MMA are not relevant or, in any case, are insufficient to rule the MMA unconstitutional. Doc. 74 at 10-14. The State Defendants' position is contrary to case law. Where a law is motivated by an improper purpose, such as the desire to harm a politically unpopular group, the law violates equal protection. *United States v. Windsor,* 133 S.Ct. 2675, 2693 (2013); *Romer v. Evans,* 517 US 620, 634 (1996); *Stemler v. City of Florence,* 126 F.3d 856, 871 (6th Cir. 1997). There is ample evidence that proponents of the MMA were fueled by animus against homosexuals and same sex couples.[2] Moreover, the State Defendants fail to produce evidence to the contrary.

## III. The State Defendants misstate the holding of Windsor and fail to acknowledge the breadth of the MMA.

The State Defendants state that "*Windsor* held that the definition of marriage is regulated by each state." Doc. 74 at 15. This is inaccurate. *Windsor* held "that DOMA is unconstitutional as a deprivation of the liberty of the person protected by the Fifth Amendment of the Constitution." *Windsor,*

---

[2] Despite the State Defendants' contentions, Defendant Brown has not questioned the motivations of Michigan voters; she has questioned the motivations of proponents of the amendment.

133 S.Ct. at 2696.  As Defendant Brown argued in prior submissions to this Court, the State may not define marriage in a manner which violates the Constitution.

Furthermore, the State Defendants entirely fail address the fact that the MMA not only prohibits same sex marriage but "similar unions."  The State does not attempt to explain how prohibiting same sex couples from entering into "similar unions" protects opposite sex marriage.[3]  This omission is likely intentional, as any acknowledgement of the breadth of the MMA undermines the State's arguments that the Amendment is rationally related to a legitimate governmental interest and that proponents of the Amendment were not motivated by a desire to harm homosexuals.  The breadth of the MMA highlights its harm to homosexuals and confirms that it is not a rational attempt to protect "traditional marriage."

## IV. Conclusion

For the reasons stated in Plaintiff's briefs before this Court and Defendant Browns' briefs before this court, the MMA is unconstitutional and judgment should be granted in favor of the Plaintiffs.

>                              PITT, McGEHEE, PALMER, RIVERS & GOLDEN, PC

---

[3] To be clear, Defendant Brown does not concede that prohibiting same sex marriage protects opposite sex marriage.

4

>By: /s/ Andrea J. Johnson
>Michael L. Pitt    (P24429)
>Beth M. Rivers (P33614)
>Andrea J. Johnson (P74596)
>Attorneys for Plaintiff
>117 West Fourth Street, Suite 200
>Royal Oak, Michigan 48067
>(248) 398-9800

Dated:   September 17, 2013

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on September 17, 2013.

>Signature: /s/ Andrea J. Johnson
>117 W. Fourth Street, Suite 200
>Royal Oak, MI 48067
>(248) 398-9800
>ajohnson@pittlawpc.com