UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| APRIL DEBOER, *et al,* | Civil Action No. 12-cv-10285 |
| Plaintiffs, | HON. BERNARD A. FRIEDMAN |
| v | |
| RICHARD SNYDER, *et al* | MAG. MICHAEL J. HLUCHANIUK |
| Defendants. | |

| | |
|---|---|
| Dana M. Nessel (P51346) | Carole M. Stanyar (P34830) |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 645 Griswold Street, Suite 3060 | 682 Deer Street |
| Detroit, MI  48226 | Plymouth, MI  48170 |
| (313) 556-2300 | (313) 963-7222 |
| dananessel@hotmail.com | cstanyar@wowway.com |
| | |
| Kristin M. Heyse (P64353) | Andrea J. Johnson (P74596) |
| Tonya C. Jeter (P55352) | Michael L. Pitt (P24429) |
| Attorneys for State Defendants | Beth M. Rivers (P33614) |
| Mich. Dep't of Attorney General | Attorneys for Defendant Lisa Brown |
| Health, Education & Family Services Division | Pitt McGehee Palmer Rivers & Golden, P.C. |
| P.O. Box 30758 | 117 W. Fourth Street, Suite 200 |
| Lansing, MI 48909 | Royal Oak, MI  48067 |
| (517) 373-7700; Fax (517) 351-1152 | (248) 398-9800 |
| heysek@michigan.gov | ajohnson@pittlawpc.com |
| jetert@michigan.gov | mpitt@pittlawpc.com |
| | brivers@pittlawpc.com |

# STATE DEFENDANTS' COMBINED MOTION AND BRIEF TO REALIGN THE PARTIES

Bill Schuette
Attorney General

Kristin M. Heyse
Tonya C. Jeter
Assistant Attorneys General
Attorneys for State Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 373-7700
heysek@michigan.gov
jetert@michigan.gov
P64353
P55352

Dated:  October 2, 2013

# TABLE OF CONTENTS

Page

Table of Contents ...................................................................................i

Index of Authorities................................................................................ii

Concise Statement of Issue Presented....................................................iv

Controlling or Most Appropriate Authority...........................................iv

Introduction.............................................................................................1

Statement of Facts ..................................................................................1

Argument.................................................................................................5

I.    Because Lisa Brown has the same primary purpose as Plaintiffs in the outcome of this action, and adverse interests with State Defendants, she should be realigned as a Plaintiff.................................................................................................5

Conclusion and Relief Requested............................................................9

Certificate of Service ............................................................................10

# INDEX OF AUTHORITIES

Page

**Cases**

*American Motorists Ins. Co. v. Trane Co.*,
  657 F.2d 146 (7th Cir.1981) .................................................................................8

*Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*,
  621 F.3d 554 (6th Cir. 2010) ................................................................................7

*Eikel v. States Marine Lines*,
  473 F.2d 959, fn 3 (5th Cir. 1973) ........................................................................8

*French v. Selden*,
  59 F. Supp. 2d 1152 (D. Kan. 1999) .....................................................................7

*Indianapolis v. Chase Nat'l Bank*,
  314 U.S. 63 (1941) ............................................................................................6, 7

*Lampe v. Genuine Parts Co.*,
  463 F. Supp. 2d 928 (E.D. Wis. 2006) ..................................................................8

*Larios v. Perdue*,
  306 F. Supp. 2d 1190 (N.D. Ga. 2003) .................................................................6

*United States Fid. & Guar. Co. v. Thomas Solvent Co.*,
  955 F.2d 1085 (6th Cir. 1992) ...........................................................................6, 8

**Statutes**

Mich. Comp. Laws § 710.24 ..................................................................................2

**Rules**

Fed. R. Civ. P. 19(a)(2) ...........................................................................................5

**Constitutional Provisions**

Mich. Const. art. I, § 25 ........................................................................... 2

# CONCISE STATEMENT OF ISSUE PRESENTED

I.  Whether the parties should be realigned to designate Defendant Oakland County Clerk Lisa Brown as a plaintiff.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority:* *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 70 (1941); *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010); *U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992); *Larios v. Perdue*, 306 F. Supp. 2d 1190, 1195 (N.D. Ga. 2003).

# INTRODUCTION

Defendants Richard Snyder, in his official capacity as Governor of the State of Michigan, and Bill Schuette, in his official capacity as the Michigan Attorney General (collectively "State Defendants"), move this Court for an order realigning the parties in this case. Pursuant to L. Rule 7.1(a), on October 2, 2013, State Defendants' counsel spoke with opposing counsel, seeking concurrence in the relief sought. Plaintiffs' counsel and Defendant Brown's counsel denied concurrence, necessitating the filing of this motion.

Binding Sixth Circuit precedent states that a named defendant *must* be realigned if its interests coincide with the plaintiff's interests on the primary purpose of the lawsuit. That test is satisfied here: Defendant Lisa Brown takes the same position as Plaintiffs on the central issue before this Court, namely the validity of Michigan's Marriage Amendment. Accordingly, this Court must realign her as a plaintiff.

# STATEMENT OF FACTS

Plaintiffs, April DeBoer and Jayne Rowse, individually and as next friend of three minor children, originally filed this lawsuit against

1

Governor Snyder and Attorney General Schuette in their official capacities. The original Complaint alleged that Michigan's adoption law, Mich. Comp. Laws § 710.24, violates the U.S. Constitution's Equal Protection Clause. (Complaint, Doc. # 1.)

On August 29, 2012, the Court held oral argument on the State Defendants' Motion to Dismiss Plaintiffs' initial Complaint. Following arguments, the Court offered Plaintiffs the opportunity to amend their complaint to challenge Michigan's Constitutional Amendment which defines marriage as "the union of one man and one woman." Mich. Const. art. I, § 25.

Despite Defendants' objection, this Court granted Plaintiffs leave to file an Amended Complaint to add a second count challenging Michigan's Constitutional Amendment regarding marriage under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution. Plaintiffs' Amended Complaint added a new defendant, then Oakland County Clerk, Bill Bullard, Jr. (Amended Complaint, Doc. # 38.)

On October 5, 2012, this Court entered an order granting all Defendants 30 days from the date of service of the Plaintiffs' Amended

Complaint upon the new party, Defendant Bullard, to file their respective motions to dismiss. (Order, Doc. # 40.)

On November 7, 2012, State Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint. (State Defendants' Motion to Dismiss Amended Complaint, Doc. # 44.) The following day, on November 8, 2012, Defendant Bullard filed a similar Motion to Dismiss Plaintiffs' Amended Complaint. (Defendant Bullard's Motion to Dismiss Amended Complaint, Doc. # 45.)

In November 2012, Lisa Brown was elected to the Oakland County Clerk/Register of Deeds, effective January 1, 2013. On February 12, 2013, a Notice of Withdrawal of Defendant Bullard's Motion to Dismiss was filed, stating in relevant part:

> As a result of the November 2012 election, Lisa Brown was elected as the Oakland County Clerk/Register of Deeds and took office on January 1, 2013.
>
> 4. The current Oakland County Clerk/Register of Deeds does not want to proceed with the motion to Dismiss.

(Notice of Withdrawal of Defendant Bullard's Motion to Dismiss, Doc. # 52.) On July 1, 2013, the Court entered an order denying State Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. (Order, Doc. # 54.)

3

A status conference was held on July 10, 2013. After the conference, State Defendants and Defendant Brown were ordered to file their answers to Plaintiffs' Amended Complaint within ten days. (Order, Doc. # 59.)

On July 22, 2013, State Defendants filed their answers to Plaintiffs' Amended Complaint, adopting arguments and affirmative defenses raised in their earlier motions to Plaintiffs challenge to Michigan's adoption law and Michigan Marriage Amendment. (State Defendants' Answer to Complaint, Doc. # 60.)

On July 23, 2013, Defendant Brown answered Plaintiffs' Amended Complaint. Significantly, Defendant Brown took the adverse position to State Defendants that she "cannot enforce the Michigan Marriage Amendment of the Michigan Constitution without . . . violating Plaintiffs' rights under the United States Constitution." (Defendant Lisa Brown's Answer to Amended Complaint for Declaratory and Injunctive Relief, Doc. # 61, p. 3.)

Again, on August 14, 2013, Defendant Brown took an adverse position, filing a Brief in Support of Plaintiffs' Motion for Summary Judgment and stating that she "cannot defend" the Michigan Marriage

4

Amendment. (Defendant Brown's Brief In Support of Summary Judgment for Plaintiffs, Doc. # 68, p. 5.)

Subsequently, on September 9th and September 17th of 2013, Defendant Brown filed pleadings wholly in support of Plaintiffs' Motion for Summary Judgment and wholly adverse to the position taken by State Defendants. (Defendant Brown's Response Brief in Support of Summary Judgment for Plaintiffs, Doc. # 75, and Defendant Brown's Reply Brief In Support of Summary Judgment for Plaintiffs, Doc. # 80.)

## ARGUMENT

**I.     Because Lisa Brown has the same primary purpose as Plaintiffs in the outcome of this action, and adverse interests with State Defendants, she should be realigned as a plaintiff.**

Fed. R. Civ. P. 19(a)(2) allows this Court to order a party joined, in a proper case, as an "involuntary plaintiff." Based on Defendant Brown's Answer to Plaintiffs' Amended Complaint, as well as her Brief in Support of Plaintiffs' Motion for Summary Judgment, her Response in Support of Plaintiffs' Motion for Summary Judgment, and her Reply to Response in Support of Plaintiffs' Motion for Summary Judgment,

5

the interests of Plaintiffs and Brown are the same. Therefore, Defendant Brown should be realigned as a plaintiff.

"Although realignment questions typically arise in the diversity of citizenship context, the need to realign a party whose interests are not adverse to those of his opponent(s) exists regardless of the basis for federal jurisdiction." *Larios v. Perdue*, 306 F. Supp. 2d 1190, 1195 (N.D. Ga. 2003). The federal courts have employed two different tests in determining the propriety of realignment; the Sixth Circuit has employed what has been labeled the "primary purpose test." *United States Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992).

Under the controlling primary-purpose test "'if the interests of a party named as a defendant coincide with those of the plaintiff in relation to the [primary] purpose of the lawsuit, the named defendant *must* be realigned as a plaintiff . . . .'" *Id.* at 1089 (emphasis added). This test thus makes realignment mandatory when the defendant is not adverse on the primary issue in the lawsuit. *See also Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 70 (1941) ("It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the

6

parties according to their sides in the dispute.")(internal citations and quotation marks omitted); *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) ("[I]t is the court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation.").

A defendant who asks for the same relief sought by plaintiffs is essentially a plaintiff. *French v. Selden*, 59 F. Supp. 2d 1152 (D. Kan. 1999). Realignment is a fact specific inquiry directed at "the realities of the record" to discover the "real interests" of the parties. *Indianapolis v. Chase Nat'l Bank*, 314 U.S. at 69. In that decision, the Court wrote that:

> It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute.

*Id.* at 69 (citations and internal quotations omitted).

Moreover, if the parties are not properly aligned, as where one party is made a defendant when in truth and in fact he is not adverse to the plaintiff, or vice versa, the court will realign the parties according to

7

their interests . . .." *Eikel v. States Marine Lines,* 473 F.2d 959, fn 3 (5th Cir. 1973) (citing 3A Moore's Federal Practice, 2147-48).  Realignment is necessary here because there is no actual, substantial controversy between Plaintiffs and Brown, and Brown's legal position is aligned with Plaintiffs' interests.

Even in circuits that make realignment discretionary, rather than mandatory, realignment should occur when the relevant parties are not really adverse to each other.  For example, in *Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928 (E.D. Wis. 2006), the court said that realignment is proper when there is no actual, substantial controversy between the parties on one side of the dispute and the named opponents.  The court cited *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir.1981) ("Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents.").  Here, Plaintiffs and Brown have the same interests in challenging the Michigan Marriage Amendment. Under binding Sixth Circuit precedent, then, Defendant Brown "*must* be realigned as plaintiff." *United States Fid. & Guar. Co.*, 955 F.2d at 1089 (emphasis added).

8

## CONCLUSION AND RELIEF REQUESTED

The facts and circumstances of this case render it incumbent upon this Court to realign the parties. There is no adversity between Brown and Plaintiffs; they share common interests in claims. Therefore, State Defendants respectfully request that this Court grant their motion to realign the parties and issue an order designating Lisa Brown as a plaintiff.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Kristin M. Heyse
Tonya Jeter (P55352)
Assistant Attorneys General
Attorneys for State Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 373-7700
heysek@michigan.gov
jetert@michigan.gov
P64353
P55352

Dated:  October 2, 2013

9

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2013, I electronically filed the below document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

>/s/ Kristin M. Heyse
>Assistant Attorney General
>Attorneys for State Defendants
>Health, Education & Family
>Services Division
>P.O. Box 30758
>Lansing, MI 48909
>(517) 373-7700
>heysek@michigan.gov
>P64353