UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, *et al.*,

    Plaintiffs,

-vs-                               ED Mi #12-civ-10285
                                    Hon. Bernard A. Friedman

RICHARD SNYDER, *et al.*,

    Defendants.

_____

PLAINTIFFS' COMBINED ANSWER AND BRIEF
IN RESPONSE TO STATE DEFENDANTS'
MOTION TO REALIGN THE PARTIES

      The State Defendants' Motion to Realign the Parties should be denied for the reasons set out below.

      While F. R. Civ. P. 19(a)(2) provides in relevant part that "[a] person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff" in certain circumstances, realignment of the parties is not warranted in this case. The adult Plaintiffs seek relief from Defendant Brown that she has not agreed to provide. Specifically, they seek the issuance of a marriage license, and, while Defendant Brown commendably agrees that they should be entitled to one, she has not expressed a willingness to issue one to them without a ruling to that effect from this Court. A defendant who is unwilling to provide the plaintiffs with the relief

they seek is manifestly adverse to those plaintiffs and is, therefore, properly a defendant in the case.

Moreover, although not dispositive of the issue, it is significant that Plaintiffs have suffered and are continuing to suffer injury as a result of the denial of their rights to due process and equal protection of the laws. Defendant Brown, however, has not suffered an injury, she has not alleged that she has suffered an injury in connection with this matter, and she asserts no counter-claim against the State Defendants. While Defendant Brown wishes to avoid causing further injury to the adult Plaintiffs and all others similarly situated by becoming able to issue marriage licenses to them, she has not done so, and she would have no standing to be a plaintiff in this case.

In making their argument, the State Defendants conflate legal interests with legal position. The mere fact that a defendant in a case takes a legal position agreeing with that of the plaintiffs and disagreeing with other defendants provides no basis whatever for realignment of the parties. If the State Defendants' proposition were true, realignment would be required whenever an adverse party agrees with the legal position of their opponent. In the instant case, the Plaintiffs' interest – and the primary purpose of the litigation – is to bring about an end to discrimination in Michigan's marriage and adoption laws on the basis of sexual orientation; Defendant

Brown is being sued in her official capacity only, and the interest of her office is to comply with the laws applicable to her position, including as interpreted by the courts. If this Court were to deny Plaintiffs' claims, they would continue to suffer grievous injury, but, while Defendant Brown would undoubtedly be personally disappointed and saddened, no legal interest of the office of the Oakland County Clerk would be affected.

Another pending marriage equality case, *Jackson v Abercrombie*, 884 F Supp 2d 1065 (D Hawai'i 2012), is instructive. In that case in which the plaintiffs sought to invalidate Hawai'i's laws restricting marriage to heterosexual couples, the state's governor, the defendant Abercrombie, "expressly waived sovereign immunity and *sought summary judgment in Plaintiffs' favor*", *Id.* at 1082 (emphasis added), and defendant-intervenor Hawai'i Family Forum moved to dismiss him as a party. The district court denied the motion.[1] While the defendant-intervenor apparently did not also move to realign the governor as a plaintiff, a federal district court has the authority *sua sponte* to realign the parties, as "it is the court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation". *Cleveland Housing Renewal Project*, 621 F3d 554, 559 (6th Cir 2010). Particularly

---

[1] *Jackson* is currently pending on appeal in the Ninth Circuit. 9th Cir #12-16995.

since the motion brought the governor's status in the case to the court's attention, it may reasonably be assumed that if the court had believed the governor was more appropriately a plaintiff than a defendant (or non-party) in the case, it would have so ruled.

It is also notable that in *United States v Windsor*, 133 SCt 2675 (2013), the federal government remained a defendant in the case even after agreeing with Ms. Windsor's legal position.

See also *Cooper-Harris v United States*, ___ F Supp2d ___ (CD Cal 2013) [2013 WL 4607436] at *1 (in action against federal government and other defendants challenging constitutionality of section 3 of DOMA, federal government "filed a Response *in support of Plaintiffs' Motion*"; emphasis added, no realignment of parties ordered, and realignment of parties apparently not sought).

The facts of *Cleveland Housing Renewal Project* further illustrate why the realignment that was appropriate in that case would be entirely inappropriate in this case:

> In addition to Deutsche Bank, CHRP named the City of Cleveland as a defendant. The *complaint does not allege any cause of action against the City, nor does it seek any relief from the City.* The complaint identifies the City as an entity that "may have or claim to have some interest in real property that is the subject of this action by virtue of code violations, utility assessments and Nuisance abatement costs." R. 1, Complaint ¶ 8. *In answering the complaint, the City asserted cross-*

>*claims against Deutsche Bank.* Deutsche Bank removed this action to federal court on the basis of diversity of citizenship.

621 F3d at 557 (emphasis added). In stark contrast, Plaintiffs in the instant case have asserted a cause of action against Defendant Brown, they seek relief against her that she has not agreed to provide absent a ruling from this Court, and she has not asserted a cross-claim against the State Defendants.

See also *Citizens Bank v Plasticware, LLC*, 830 F Supp 2d 321, 326 (ED Ky 2011).

Moreover, a federal district court's consideration of parties' alignment is primarily for the purpose of protecting the extent and limits of its diversity jurisdiction, a consideration not at issue in the instant case. The State Defendants' omission of key language from *U.S. Fidelity & Guaranty Co v Thomas Solvent Co*, 955 F2d 1085 (6th Cir 1992) – language included here in bold – well illustrates this point: "'If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff **for jurisdictional purposes**.'" *Id.*, 955 F2d at 1089 (emphasis added). See also *Cleveland Housing Renewal Project v Deutsche Bank Trust Co*, *supra*, 621 F3d at 559-560 ("the district court properly realigned the City as a plaintiff and properly held there is **complete diversity between the parties for**

5

**purposes of subject matter jurisdiction**"; emphasis added); *French v Selden*, 59 F Supp 2d 1152, 1162 (D Kan 1999).

Finally, the motion should also be denied because it is untimely. The State Defendants have long been on notice that Defendant Brown's legal position in the case differs from theirs. Defendant Brown withdrew her predecessor Defendant Bill Bullard's motion to dismiss on February 12, 2013, and on July 23, 2013, Defendant Brown filed her Answer to the Amended Complaint explicitly agreeing with Plaintiffs' legal position in the case. The State Defendants had ample time to file a motion to realign long before now. Regardless of whether one considers the State Defendants' delay in filing to have been nearly eight (8) months or nearly three (3) months, it is an undue delay, particularly since the parties' pending cross-motions for summary judgment are scheduled for oral argument on October 16, 2013, merely two (2) weeks from the date of filing the motion.

For all of these reasons, the current alignment of the parties is wholly appropriate. The parties are properly aligned on the basis of the primary purpose of the litigation and the legal claims asserted, the alignment of the parties does not threaten the jurisdictional basis of the case, and there is no danger that this Court will be confused or misled by maintaining the current alignment.

WHEREFORE, Plaintiffs pray this Court for an Order denying the State

Defendants' motion to realign the parties and for such other relief as equity and justice require.

Respectfully submitted,

| | |
|---|---|
| *s/Carole M. Stanyar* | *s/ Dana Nessel* |
| CAROLE M. STANYAR P34830 | DANA M. NESSEL P51346 |
| 221 N. Main Street, Suite 300 | 645 Griswold Street, Suite 3060 |
| Ann Arbor, MI 48104 | Detroit, MI 48226 |
| (313) 819-3953 | (313) 556-2300 |
| cstanyar@wowway.com | dananessel@hotmail.com |
| | |
| Dated: October 8, 2013 | Attorneys for Plaintiffs |

Of counsel:

| | |
|---|---|
| *s/Robert A. Sedler* | *s/ Kenneth M. Mogill* |
| ROBERT A. SEDLER  P31003 | Kenneth M. Mogill P17865 |
| Wayne State University Law School | MOGILL, POSNER & COHEN |
| 471 W. Palmer Street | 27 E Flint Street, 2nd Floor |
| Detroit, MI 48202 | Lake Orion, MI 48362 |
| (313) 577-3968 | (248) 814-9470 |
| rsedler@wayne.edu | kmogill@bignet.net |

## **CERTIFICATE OF SERVICE**

      Kenneth M. Mogill hereby certifies that a copy of PLAINTIFFS' COMBINED ANSWER AND BRIEF IN RESPONSE TO STATE DEFENDANTS' MOTION TO REALIGN THE PARTIES was served upon Assistant Attorneys General Kristin Heyse and Tonya Jeter, and upon counsel for Defendant Brown, Andrea Johnson and Michael Pitt, all of whom are ECF filers, on October 8, 2013.

                                                    */s/Kenneth M. Mogill*
                                                    Kenneth M. Mogill P17865