UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| APRIL DEBOER, *et al,* | Civil Action No. 12-cv-10285 |
| Plaintiffs, | HON. BERNARD A. FRIEDMAN |
| v | |
| RICHARD SNYDER, *et al* | MAG. MICHAEL J. HLUCHANIUK |
| Defendants. | |

| | |
|---|---|
| Dana M. Nessel (P51346) | Carole M. Stanyar (P34830) |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 645 Griswold Street, Suite 3060 | 682 Deer Street |
| Detroit, MI  48226 | Plymouth, MI  48170 |
| (313) 556-2300 | (313) 963-7222 |
| dananessel@hotmail.com | cstanyar@wowway.com |

| | |
|---|---|
| Kristin M. Heyse (P64353) | Andrea J. Johnson (P74596) |
| Tonya C. Jeter (P55352) | Michael L. Pitt (P24429) |
| Attorneys for State Defendants | Beth M. Rivers (P33614) |
| Mich. Dep't of Attorney General | Attorneys for Defendant Lisa Brown |
| Health, Education & Family Services Division | Pitt McGehee Palmer Rivers & Golden, P.C. |
| P.O. Box 30758 | 117 W. Fourth Street, Suite 200 |
| Lansing, MI 48909 | Royal Oak, MI  48067 |
| (517) 373-7700; Fax (517) 351-1152 | (248) 398-9800 |
| heysek@michigan.gov | ajohnson@pittlawpc.com |
| jetert@michigan.gov | mpitt@pittlawpc.com |
| | brivers@pittlawpc.com |

/

# STATE DEFENDANTS' CORRECTED REPLY IN SUPPORT OF MOTION AND BRIEF TO REALIGN THE PARTIES

Bill Schuette
Attorney General

Kristin M. Heyse
Tonya C. Jeter
Assistant Attorneys General
Attorneys for State Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 373-7700
heysek@michigan.gov
jetert@michigan.gov
P64353
P55352

Dated:  October 11, 2013

# TABLE OF CONTENTS

Page

Table of Contents ............................................................................................. i

Index of Authorities.........................................................................................ii

Controlling or Most Appropriate Authority................................................iv

Introduction ..................................................................................................... 1

Argument..........................................................................................................3

I.    Oakland County Clerk Lisa Brown should be realigned as a party plaintiff. ...........................................................................................3

    A.    The Court has a duty to align parties according to their respective interests in the case to ensure that the proceedings are truly adversarial. ............................................3

    B.    Oakland County Clerk Lisa Brown should be realigned as a party plaintiff because she has embraced plaintiffs' claims that the MMA violates the equal protection clause. ........................................................................6

Conclusion and Relief Requested......................................................... 10

Certificate of Service (e-file).................................................................. 11

# INDEX OF AUTHORITIES

Page

**Cases**

*Cont'l Airlines, v. Goodyear Tire & Rubber Co.,*
   819 F.2d 1519 (9th Cir. 1987) ............................................................................ 1

*Delchamps, v. Alabama State Milk Control Bd.,*
   324 F. Supp. 117 (M.D. Ala. 1971) ..................................................................... 7

*Development Fin. Corp. v. Alpha Hous. & Health Care,*
   54 F.3d 156 (3d Cir. 1995) .................................................................................. 4

*Dolch v. United California Bank,*
   702 F.2d 178 (9th Cir. 1983) .............................................................................. 3

*Indianapolis v. Chase Nat'l Bank,*
   314 U.S. 63 (1941) ......................................................................................... 1, 3

*Jackson v. Abercrombie,*
   884 F. Supp. 2d 1065 (D Hawaii 2012) .............................................................. 6

*Larios v. Perdue,*
   306 F. Supp. 2d 1190 (N.D. Ga. 2003) ...................................................... 4, 5, 8

*League of United Latin Am. Citizens, Council No. 4434 v. Clements,*
   999 F.2d 831 (5th Cir. 1993) (*en banc*) ............................................................... 8

*Lewis v. Odell,*
   503 F.2d 445 (2d Cir. 1974) ............................................................................... 3

*Maryland Cas. Co. v. W.R. Grace and Co.,*
   23 F.3d 617 (2d Cir. 1993) ................................................................................. 4

*Mottola v. Nixon,*
   464 F.2d 178 (9th Cir. 1972) .............................................................................. 2

*Smith v. Salish Kootenai Coll.*,
 434 F.3d 1127 (9th Cir. 2006) (*en banc*) .............................................. 1, 6

*Still v. DeBuono*,
 927 F. Supp. 125 (S.D.N.Y. 1996) ................................................. 1, 4, 9

*United States Fid. & Guar. Co. v. Thomas Solvent Co.*,
 955 F.2d 1085 (6th Cir. 1992) ............................................................ 1, 6

*Wade v. Mississippi Coop. Extension Serv.*,
 528 F.2d 508 (5th Cir. 1976) ............................................................. 3, 4

**Rules**

Fed. R. Civ. P. 19(a)(2) ............................................................................. 9

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941); *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006) (*en banc*); *Still v. DeBuono*, 927 F. Supp. 125, 130 (S.D.N.Y. 1996); *Mottola v. Nixon,* 464 F.2d 178, 181 (9th Cir. 1972); *Lewis v. Odell,* 503 F.2d 445, 447 (2d Cir. 1974); *Dolch v. United California Bank,* 702 F.2d 178, 181 (9th Cir. 1983); *Wade v. Mississippi Coop. Extension Serv.,* 528 F.2d 508, 521 (5th Cir. 1976); *Larios v. Perdue,* 306 F. Supp. 2d 1190, 1195 (N.D. Ga. 2003); *Delchamps, v. Alabama State Milk Control Bd.,* 324 F. Supp. 117 (M.D. Ala. 1971); *League of United Latin Am. Citizens, Council No. 4434 v. Clements,* 999 F.2d 831, 844 (5th Cir. 1993) (*en banc*);

# INTRODUCTION

Federal courts have a duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (internal quotation marks omitted). In doing so, courts should "realign parties[] according to their ultimate interests" in the case. *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006) (*en banc*). Thus, a named defendant must be realigned as a plaintiff if its ultimate interests "coincide with those of the plaintiff in relation to the purpose of the lawsuit," *United States Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992); *Cont'l Airlines, v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987), for "[o]bviously, to be recognized as a 'defendant' . . ., a party must be in an adversarial relationship with the plaintiff," *Still v. DeBuono*, 927 F. Supp. 125, 130 (S.D.N.Y. 1996).

Oakland County Clerk Lisa Brown has plainly taken Plaintiffs' side in this litigation, has embraced their claims that the Michigan Marriage Amendment (MMA) violates the Equal Protection Clause of the Constitution, and has given every indication that she shares their

ultimate interest in obtaining a judicial determination that the MMA is unconstitutional. Allowing her to remain as a defendant unfairly advances Plaintiffs' interests, prejudices the defense of the MMA, and does not further the adversarial system of justice embraced in the Constitution's case-or-controversy requirement.

As this case now stands, Plaintiffs have a party on the other side of this dispute who shares their ultimate goal of invalidating the MMA, who has admitted virtually every major and minor premise of their suit, and who joins their pleadings in full. *See Mottola v. Nixon,* 464 F.2d 178, 181 (9th Cir. 1972) (emphasizing that controversy in federal court, as required by Article III, "should be brought against persons with adverse legal interests in a sufficiently immediate adversary context"). This Court should thus realign the Oakland County Clerk as a party plaintiff.

# ARGUMENT

## I. Oakland County Clerk Lisa Brown should be realigned as a party plaintiff.

### A. The Court has a duty to align parties according to their respective interests in the case to ensure that the proceedings are truly adversarial.

"As a general rule the federal courts are required to realign parties according to their real interests so as to produce an actual collision of interests." *Lewis v. Odell,* 503 F.2d 445, 447 (2d Cir. 1974) (citing *Chase Nat'l Bank,* 314 U.S. at 69). Federal courts thus must "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Chase Nat'l Bank,* 314 U.S. at 69 (internal quotation marks omitted); *see also Dolch v. United California Bank,* 702 F.2d 178, 181 (9th Cir. 1983) ("The courts, not the parties, are responsible for aligning the parties according to their interests in litigation."); *Wade v. Mississippi Coop. Extension Serv.,* 528 F.2d 508, 521 (5th Cir. 1976) ("The court should determine to which side of the controversy each of the parties to the litigation belongs.").

"The purpose of realignment is to ensure that the case truly involves the kind of adversarial relationship constitutionally required in a case or controversy in the federal courts." *Maryland Cas. Co. v. W.R.*

3

*Grace and Co.,* 23 F.3d 617, 622 (2d Cir. 1993). "This requirement derives from the Constitution's cases and controversies limitation, which forecloses the conversion of court of the United States into judicial versions of college debating forums." *Still,* 927 F. Supp. at 130 (internal quotation marks omitted). "Obviously, to be recognized as a 'defendant' . . ., a party must be in an adversarial relationship with the plaintiff." *Id.* Brown does not have an adversarial relationship with the Plaintiffs.

"[T]he need to realign a party whose interests are not adverse to those of his opponent(s) exists regardless of the basis for federal jurisdiction." *Larios v. Perdue,* 306 F. Supp. 2d 1190, 1195 (N.D. Ga. 2003) (citing *Development Fin. Corp. v. Alpha Hous. & Health Care,* 54 F.3d 156, 159 (3d Cir. 1995)). So "[a]lthough the . . . realignment of parties is an issue that normally arises . . . in the context of diversity jurisdiction cases, the principles applicable to those cases are equally" applicable in federal-question jurisdiction cases like this one. *Wade,* 528 F.2d at 521; *see also Larios,* 306 F. Supp. 2d at 1195-97. Because of its constitutional underpinnings, realignment applies in all cases in

4

federal court:

> The need for adversity between plaintiffs and defendants stems not merely from the federal diversity statute. . .—or, for that matter, from any legislative enactment—but more fundamentally from U.S. Const. art. III . . . . It is for this reason that the need to assess the alignment of parties is equally strong in federal question cases . . . as it is in those premised on diversity jurisdiction.

*Larios,* 306 F. Supp. 2d at 1196-97 (citation omitted).

Brown, in her Brief in Support of Summary Judgment for Plaintiffs, Doc. # 68, p. 4, stated that she is "duty bound to uphold the United States Constitution. . . . her understanding of the Equal Protection Clause leads her to the conclusion that the MMA is unconstitutional." Further, she writes that she "cannot defend unconstitutional, State sponsored discrimination." (See Brief in Support of Summary Judgment for Plaintiffs, Doc. # 68, p. 5). Thus, by her very own words, she is not willing to defend Michigan law, and should not be aligned with the other defendants. Further, in effect—if not in deed—Brown has incorporated all of Plaintiffs' claims against State Defendants but has done so under the guise of a defendant. Therefore, she should be realigned as a plaintiff.

The cases cited by Plaintiffs in opposition do not change that fact. Indeed, the comparison of Brown's circumstance to that of the Governor

in Hawaii in *Jackson v. Abercrombie*, 884 F. Supp. 2d 1065 (D Hawaii 2012), is not conclusive. Unlike in *Jackson*, the State Defendants do not seek to dismiss Brown as a party. What State Defendants seek is the *proper alignment of the parties* based on real, concrete interests. A federal district court has the authority to realign the parties and the responsibility to ensure that the parties are properly aligned according to their interest in the litigation. *Smith*, 434 F.3d at 1133.

The facts and circumstances of this case render it incumbent upon this Court to realign the parties in accordance with the principle purpose of the suit and primary and controlling matter in dispute, deeming Lisa Brown a co-plaintiff. There is no adversity between her and Plaintiffs; they share common interests in claims.

> **B.  Oakland County Clerk Lisa Brown should be realigned as a party plaintiff because she has embraced plaintiffs' claims that the MMA violates the equal protection clause.**

In the Sixth Circuit, courts considering realignment must look to the "principal purpose of the suit." *United States Fid. and Guar. Co.*, 955 F.2d at 1089. Under this test, Brown must be realigned as a

6

plaintiff if her ultimate interests coincide with those of the Plaintiffs in relation to the purpose of the lawsuit.

Here, the "principal purpose in dispute" is whether the MMA violates the Constitution. It is indisputable that Brown fully supports Plaintiffs' attempts to obtain a judicial determination that the MMA is unconstitutional. (*See, e.g.,* Defendant Brown's Brief In Support of Summary Judgment for Plaintiffs, Doc. # 68; Defendant Brown's Response Brief in Support of Summary Judgment for Plaintiffs, Doc. # 75, and Defendant Brown's Reply Brief In Support of Summary Judgment for Plaintiffs, Doc. # 80). Brown and Plaintiffs are partners in litigation with respect to the '"primary purpose" in dispute. Since the interests of Brown and the Plaintiffs are indisputably aligned with respect to the central issues of this lawsuit, it follows that Brown must be realigned as a plaintiff.

Case law supports realigning defendant government officials as plaintiffs where they have adopted legal positions consistent with those advanced by the plaintiffs. For example, in *Delchamps, v. Alabama State Milk Control Bd.,* 324 F. Supp. 117 (M.D. Ala. 1971), plaintiffs challenged a state statute on federal constitutional grounds. The

7

Alabama Attorney General agreed with the plaintiffs' position and filed a motion requesting that the court realign him as a party plaintiff. *Id.* at 117-18. Despite one of the co-defendant's opposition to the request for realignment, the court granted the motion and realigned the State Attorney General with the plaintiffs. *Id.* at 118. *See also League of United Latin Am. Citizens, Council No. 4434 v. Clements,* 999 F.2d 831, 844 (5th Cir. 1993) (*en banc*) ("[I]f the Attorney General changes his views on the merits of the case" to agree with plaintiffs' legal theories, realigning him with the plaintiffs may be appropriate.).

Similarly, in *Larios,* 306 F. Supp. 2d at 1194-97, a group of Georgia Republicans brought a constitutional challenge against Georgia's legislative redistricting plan. *Id.* at 1194. The plaintiffs named four government officials as defendants, including Senator Johnson, the Republican President of the Georgia Senate. *Id.* The other three defendants moved to realign Senator Johnson as a party plaintiff, arguing that his interests, "as evidenced by the positions he [took] in th[e] litigation . . ., [were] identical to those of plaintiffs and [were] in diametric conflict with those of his co-defendants." *Id.* at 1195. The court agreed, relying on, among other things, Senator

8

Johnson's "pleadings and [legal] positions," which were "wholly consonant with those of the plaintiffs," and which did not "deny any of the substantive allegations in plaintiffs' complaint." *Id.* at 1196. As a result, the court realigned Senator Johnson as a party plaintiff. *See also Still,* 927 F. Supp. at 130 (finding that government defendants should be realigned as plaintiffs where, as demonstrated by government defendants' submissions to the court, the plaintiffs and government defendants all sought the same outcome).

Brown's pleadings indicate that she agrees with Plaintiffs' claims that the MMA is unconstitutional, and thus, that her interests, like those of Plaintiffs, are in invalidating the MMA. It, consequently, follows that the Court should realign Oakland County Clerk Brown to properly situate her substantive position in this case.

Finally, realignment frees the parties and the Court from further engaging in the fiction that surrounds Brown's involvement as a "defendant." Realignment conforms Oakland County Clerk Brown's party designation to the reality of her interests and participation in this litigation.

## CONCLUSION AND RELIEF REQUESTED

State Defendants respectfully request that this Court grant their motion pursuant to Fed. R. Civ. P. 19(a)(2) and realign the parties according to the true nature of the dispute by designating Lisa Brown a plaintiff.

                          Respectfully submitted,

                          Bill Schuette
                          Attorney General

                          <u>/s/ Kristin M. Heyse</u>
                          Kristin M. Heyse
                          Tonya C. Jeter
                          Assistant Attorneys General
                          Attorneys for State Defendants
                          Health, Education & Family
                          Services Division
                          P.O. Box 30758
                          Lansing, MI  48909
                          (517) 373-7700
                          heysek@michigan.gov
                          jetert@michigan.gov
                          P64353
                          P55352

Dated:  October 11, 2013

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on October 11, 2013, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice and copies of such filing of the following to the parties: State Defendants' Reply in Support of Motion and Brief to Realign the Parties

A courtesy copy of the aforementioned document was placed in the mail directed to:

Bernard A. Friedman
USDC-Eastern District
231 W. Lafayette Blvd., Room 101
Detroit, MI  48226

<u>/s/ Kristin M. Heyse</u>
Assistant Attorney General
Attorney for State Defendants
Health, Education & Family
Services Division
P.O. Box 30758
(517) 373-7700
heysek1@michigan.gov
P64353

11