UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, et al.,

        Plaintiffs,

                                  Case No. 2:12-cv-10285-BAF-MJH
v                                          Hon. Bernard A. Friedman

RICHARD SNYDER, et al.,

        Defendants.
_____/

## DEFENDANT BROWN'S RESPONSE BRIEF OPPOSING STATE DEFENDANTS' MOTION TO REALIGN THE PARTIES

    The State Defendants rely upon a wholly inapplicable Federal Rule in an attempt to confuse this Court because they are unhappy that their Co-Defendant, Lisa Brown, took a legal position consistent with the United States Constitution and different from their own.

    Federal Rule of Civil Procedure 19(a) sets out the circumstances under which a "person" must be joined as a "party" in a lawsuit. Federal Rule of Civil Procedure 19(a)(2) states "[i]f a <u>person</u> has not been joined as required, the court must order that the person be made a <u>party</u>." (emphasis added)  It is clear from the text of this rule that it speaks to situations in which a person who is not already a party to the litigation refuses to join the litigation.  It is

not a vehicle by which an unhappy defendant may force a co-defendant to become a plaintiff; indeed, it is only applicable where a person who is not already a party to the litigation has refused to become a party and that person's joinder in the suit is required as set out in 19(a)(1). The Court should not rely upon this rule.

Furthermore, the majority of cases cited by the State Defendants are not applicable; they are instances where courts are requested to realign the parties for diversity jurisdiction purposes. *See, e.g., United States Fid. & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1089 (6th Cir. 1992); *Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 70 (1941); *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.,* 621 F.3d 554, 559 (6th Cir. 2010); *French v. Selden,* 59 F. Supp. 2d 1152 (D. Kan. 1999); *Eikel v. States Marine Lines,* 473 F.2d 959 (5th cir. 1973); *Lampe v. Genuine Parts Co.,* 463 F. Supp. 2d 928 (E.D. Wis. 2006); *American Motorists Ins. Co. v. Trane Co.,* 657 F.2d 146 (7th Cir. 1981); *Development Fin. Corp. v. Alpha Hous. & Health Care,* 54 F.3d 156 (3d Cir. 1995) (all diversity jurisdiction cases).

The lone case the State Defendants cite in which a court realigns a party over objection of that party for reasons other than determining whether diversity jurisdiction exists is not precedential and is distinguishable. In *Larios v. Perdue,* 306 F. Supp. 2d 1190 (N.D. Ga. 2003), the court ruled that

even in instances where diversity jurisdiction was not present, the court could realign the parties. There, however, the defendant who the court realigned as a plaintiff took more than a legal position similar to the plaintiffs; he was a member of the same injured class as the plaintiffs.

The plaintiffs, all Georgia Republicans, brought suit against Republican Governor George E. Perdue; Terry Coleman, the Democratic Speaker of the Georgia House of Representatives; Eric B. Johnson, the Republican President Pro Tempore of the Georgia Senate; and Cathy Cox, Georgia's Democratic Secretary of State, claiming that the Georgia Republicans' equal protection and first amendment associational rights had been violated. When defendant Republican Eric B. Johnson took the same legal position as plaintiffs in the suit, the remaining defendants sought to have him realigned as a plaintiff. The court agreed that Johnson should be realigned. It did so, however, not only because Johnson took the same legal position as plaintiffs, but because, as a Republican, he was in the same injured class as the plaintiffs. *Id.* at 1195. Thus, his interests were aligned with plaintiffs because he suffered the same harm as the plaintiffs in addition to taking the same legal position as the plaintiffs.

Here, Defendant Brown has taken the same legal position as Plaintiffs but is not in the same class of persons harmed by the challenged statute.

Defendant Brown is not attempting to marry a person of the same sex or adopt children with a person of the same sex.  Thus, unlike in *Larios,* her interests are not aligned with Plaintiffs' interests and an actual controversy exists between Plaintiffs and Defendant Brown.

Lisa Brown, in her official capacity as Oakland County Clerk, is not a proper plaintiff in this case.  She has suffered no injury sufficient to establish standing.  Her interests do not align with Plaintiff's interests because she is not pursuing same sex marriage or adoption.  Furthermore, there is a substantial controversy between Plaintiffs and Defendant Brown because, despite Brown's legal position, she has not issued a marriage license to Plaintiffs in violation of Michigan law.

For these reasons, the State Defendants' Motion to Realign should be denied.

                PITT, McGEHEE, PALMER, RIVERS & GOLDEN, PC

                By:   /s/ Andrea J. Johnson
                      Michael L. Pitt    (P24429)
                      Beth M. Rivers (P33614)
                      Andrea J. Johnson (P74596)
                      Attorneys for Plaintiff
                      117 West Fourth Street, Suite 200
                      Royal Oak, Michigan 48067
                      (248) 398-9800

Dated:   October 11, 2013

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on October 11, 2013.

Signature:    /s/ Andrea J. Johnson
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
ajohnson@pittlawpc.com