UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, *et al.*,

    Plaintiffs,

-vs-                    ED Mi #12-civ-10285
                          Hon. Bernard A. Friedman

RICHARD SNYDER, *et al.*,

    Defendants.

_____

MOTION TO BIFURCATE PROCEEDINGS RELATING TO PRESENTATION
OF TESTIMONY ON EQUAL PROTECTION HEIGHTENED
SCRUTINY BASED ON SUSPECT OR QUASI-SUSPECT CLASS

    Now come the Plaintiffs, by and through their undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 16(c)(2)(L), hereby move this Honorable Court for an order bifurcating the trial proceedings in this case in the manner described below for the following reasons.

    1. By virtue of Plaintiffs' argument at Plaintiffs' cross-motion for summary judgment (R67), pp 2-4, and Plaintiffs' joinder in the Brief of Constitutional Law Scholars as *Amici* in Support of Plaintiffs (R66), Plaintiffs contend that they already have made a sufficient offer of proof for purposes of both trial and appeal to assert and preserve their claim that a heightened standard of scrutiny applies in this case with respect to their equal protection clause claim based on suspect or quasi-suspect

class. See *City of Cleburne v Cleburne Living Center,* 473 US 432 (1985).

2. Plaintiffs request that subject to this Court's approval, the trial in this matter be bifurcated into two phases. In Phase II of the trial, the parties would be offering evidence and argument relating to the heightened scrutiny standard under *Cleburne* as to the following issues – (1) whether sexual orientation is related to aptitude or ability to contribute to society, (2) whether gay men and lesbians are a discernible group with "immutable", distinguishing characteristics and (3) whether the class remains a politically weakened minority. In Phase I of the trial, the parties would be offering the remainder of evidence they believe to be relevant to the matters before the Court. Phase II of the trial would proceed only if the Court determines that further proceedings are necessary or appropriate.

3. Under Federal Rule of Civil Procedure 16(c)(2)(L), this Court has authority to take "appropriate actions" and may adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, . . . difficult legal questions, or unusual proof problems."

4. Bifurcation of the trial is necessary and appropriate to conserve the considerable resources, including court time, attorney time and expenses and expert witness fees and expenses, that would be expended in litigating the three *Cleburne* factors listed above, when this Court may determine that such a presentation is

unnecessary to a decision as to either Count 1 or Count 2.

5. Plaintiffs request that, in the event the Court orders bifurcation, the identification of additional expert witnesses, and the depositions and trial testimony of experts relevant solely to the three *Cleburne* factors identified above shall be deferred until the conclusion of phase I of trial and further order of this Court.

6. Plaintiffs maintain that notwithstanding any order of bifurcation, the parties should not in any way be precluded from offering evidence – in phase I of trial for the Court's consideration, under the "rational basis" review standard – as to whether gay and lesbian persons have "endured 'historic patterns of disadvantage' [such that] 'a more careful assessment of the justifications [is warranted] than the light scrutiny offered by conventional rational basis review.'" See Opinion and Order Denying Cross Motions for Summary Judgment (R89).

7. Counsel for Defendants were contacted to seek concurrence in the instant motion, counsel for Defendant Brown indicated her concurrence and counsel for the State Defendants indicated that they do not concur.

WHEREFORE, Plaintiffs respectfully request an order of bifurcation, and an order directing that identification of experts, depositions and trial testimony relevant to the *Cleburne* factors be deferred until the conclusion of phase I of the trial.

Respectfully submitted,

*s/Carole M. Stanyar*
CAROLE M. STANYAR P34830
Attorney for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(313) 819-3953
cstanyar@wowway.com

*s/ Dana Nessel*
DANA M. NESSEL P51346
Attorney for Plaintiffs
645 Griswold Street, Suite 4300
Detroit, MI 48226
(313) 556-2300
dananessel@hotmail.com

Of counsel for Plaintiffs:

*s/Robert A. Sedler*
ROBERT A. SEDLER  P31003
Wayne State University Law School
 471 W. Palmer Street
Detroit, MI 48202
(313) 577-3968
rsedler@wayne.edu

*s/ Kenneth M. Mogill*
Kenneth M. Mogill P17865
MOGILL, POSNER & COHEN
27 E Flint Street, 2nd Floor
Lake Orion, MI 48362
(248) 814-9470
kmogill@bignet.net

Dated: November 24, 2013

## CERTIFICATE OF SERVICE

Carole M. Stanyar hereby certifies that a copy of this Motion and Certificate of Service were served upon were  served upon Assistant Attorneys General Kristin Heyse and Tonya Jeter, and upon counsel for Defendant Brown, Andrea Johnson and Michael Pitt, all of whom are ECF filers, on November 24, 2013.

*/s/Carole M. Stanyar*
Carole M. Stanyar P34830