UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, et al.

    Plaintiffs,                                    Civil Action No. 12-cv-10285
                                                HON. BERNARD A. FRIEDMAN

vs.

RICHARD SNYDER, et al.

    Defendants.
_____/

**ORDER DENYING STATE DEFENDANTS' MOTION TO REALIGN THE PARTIES**

Before the Court is the motion of Governor Snyder and Attorney General Schuette (the "state defendants") to realign the parties [docket entry 82]. Plaintiffs and defendant Lisa Brown filed a response [docket entries 84 and 88], to which the state defendants filed a reply [docket entry 87]. The Court will rule on the state defendants' motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

The main thrust of the state defendants' motion is their contention that the Court should realign Oakland County Clerk Lisa Brown as a party plaintiff because she has adopted plaintiffs' legal arguments in challenging the validity of Michigan's constitutional prohibition against same-sex marriage. The Court disagrees. Defendant Brown finds herself in a similar position to that of the federal government in <u>United States v. Windsor,</u> 133 S. Ct. 2675 (2013). Speaking to the "case or controversy" requirement of Article III to the United States Constitution, the United States Supreme Court found that its jurisdiction to entertain the appeal in that case was not impaired by the federal government's refusal to defend section 3 of the Defense of Marriage Act. As the Court stated in its opinion, "even where 'the Government largely agree[s] with the

-1-

opposing party on the merits of the controversy,' there is sufficient adverseness and an 'adequate basis for jurisdiction in the fact that the Government intended to enforce the challenged law against that party.'" Windsor, 133 S. Ct. at 2686-2687 (quoting INS v. Chadha, 462 U.S. 919, 940 (1983)).  This language is instructive because the adverseness of the litigants is crucial to evaluating whether realignment is appropriate.  In fact, the very "purpose of realignment is to ensure that the case truly involves the kind of adversarial relationship constitutionally required in a case or controversy in the federal courts." Maryland Casualty Co. v. W.R. Grace & Co., 23 F.3d 617, 622 (2d Cir. 1993) (internal quotation omitted).

With respect to the instant matter, realignment is not necessary because there exists sufficient adverseness between defendant Brown and plaintiffs.  By declining to issue marriage licenses to same-sex couples in accordance with Michigan law, defendant Brown has denied plaintiffs the ability to legally wed, which is the "the primary dispute in the controversy." United States Fidelity & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992). Accordingly,

IT IS ORDERED that the state defendants' motion to realign the parties is denied.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 4, 2013
        Detroit, Michigan