UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, et al.

    Plaintiffs,                                                      Civil Action No. 12-cv-10285
                                                                         HON. BERNARD A. FRIEDMAN

vs.

RICHARD SNYDER, et al.

    Defendants.
_____/

**<u>ORDER GRANTING PLAINTIFFS' MOTION TO BIFURCATE TRIAL</u>**

Before the Court is plaintiffs' motion to bifurcate the impending trial as it relates to the presentation of testimony concerning the level of scrutiny the Court should apply when evaluating the constitutionality of the Michigan Marriage Amendment (the "MMA") [docket entry 100]. Defendant Lisa Brown concurred in the motion. Governor Snyder and Attorney General Schuette (the "state defendants") filed a response [docket entry 104]. The Court will rule on plaintiffs' motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

Under Fed. R. Civ. P. 42(b), the Court "may order a separate trial of one or more separate issues" for the sake of "convenience, to avoid prejudice, or to expedite and economize" the proceedings. "[P]otential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy" are of paramount importance in deciding whether to bifurcate a trial. <u>Martin v. Heideman</u>, 106 F.3d 1308, 1311 (6th Cir. 1997); <u>see</u> <u>also</u> <u>Wilson v. Morgan</u>, 477 F.3d 326, 339 (6th Cir. 2007). All of these factors militate in favor of bifurcation.

At the outset, juror confusion is not a concern here since this is a bench trial. Nor does the Court find that the state defendants would be prejudiced by the prospect of a separate trial to

-1-

determine whether the MMA could withstand heightened scrutiny. While the state defendants assert that a bifurcated proceeding would result in, among other things, extensive and duplicative pre-trial motions and discovery, these efforts would be completely unnecessary to the resolution of the heightened scrutiny issue particularly in light of the limited scope of such an inquiry. Moreover, the examples of prejudice enumerated in the state defendants' brief are significantly outweighed by the preservation of judicial and party resources should the disposition of the first trial render the heightened scrutiny testimony superfluous. Accordingly,

IT IS ORDERED that plaintiffs' motion to bifurcate the trial is granted.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 3, 2014
Detroit, Michigan