UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, *et al.*,

              Plaintiffs,

-vs-                            E.D.Mich. No. 12-10285
                            Hon. Bernard A. Friedman

RICHARD SNYDER, *et al.*,

              Defendants.

_____/

## PLAINTIFFS' COMBINED MOTION FOR AN ORDER, *NUNC PRO TUNC*, TO EXTENDINGTIME FOR FILING *DAUBERT* MOTIONS BY ONE DAY, AND PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' *DAUBERT* MOTIONS

      NOW COME THE PLAINTIFFS, April DeBoer and Jayne Rowse, *et al.* , by and through the undersigned, and hereby move this Honorable Court for an order, entered *nunc pro tunc*, extending the time for filing *Daubert* motions[1] by one day.  In addition, Plaintiffs offer the following response in opposition to the State Defendants' Motion to Strike Plaintiffs' *Daubert* motions.

      1.  Pursuant to a stipulation by the parties, this Court entered an order setting a motion filing cutoff for February 4, 2014.

      2.   Undersigned counsel, responsible for scheduling matters for the Plaintiffs, calendared the cutoff date wrong and believed it to be February 5, 2014.

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

3.  On the morning of February 5th, Assistant Attorney General Heyse phoned the undersigned asking why no motions had been filed on February 4, 2014.  This was when the undersigned first became aware of the calendaring error.

4.  During the same phone conversation, the undersigned requested of Heyse to agree, in some manner, to allow the filing of Plaintiffs' *Daubert* motions one day late, and Heyse advised that she would confer with her co-counsel and call back.

5. Plaintiffs' *Daubert* motions were filed on February 5, 2014 without a contemporaneous motion to extend time for filing.

6.  Thereafter, and without any further contact with the undersigned, counsel for the State Defendants filed its motion to strike.

7.  The filing of the Plaintiffs' motions on February 5th was not intended for the purpose of delay, it was not the result of an intentional act by the undersigned, and it was not intended to gain a strategic advantage over the State Defendants. The State Defendants' motions of February 4, 2014, were not even reviewed by the undersigned until after the filing of Plaintiffs' February 5, 2014 motions.  They had no bearing whatever as to which of Plaintiffs' motions would be filed or as to the content of the motions.

8.  To the extent that the State Defendants imply a further disrespect to the Court based upon Plaintiffs' failure to file a contemporaneous motion extending

the time limit along with the filing of the *Daubert* motions themselves, this is flatly untrue.  The undersigned was attempting to reach agreement with counsel for the State Defendants as to a stipulation, and was awaiting a final response as their position, so as to not waste this Court's time with an unnecessary motion.

9.  Plaintiffs agree that this Court can allow all Defendants an additional day to respond to the Plaintiffs' motions to eliminate any issue of prejudice.  Any other sanction is unwarranted.

10.  Undersigned counsel apologizes to the Court, and asks for lenience as to the one day extension, especially in light of the fact that the parties have been remarkably diligent in completing discovery (including depositions involving no fewer than 11 experts from around the country) on an expedited schedule, without the necessity of the Court's intervention.

11. The motions that opposing counsel are seeking to strike are extremely important to the litigation, they will inform the Court on one of the central issues involved in the case – the admissibility of the testimony of the State Defendants' expert witnesses.  Moreover, as this Court knows, this litigation affects not only the State of Michigan, but also the country.  An order striking pleadings of great substance and scholarship would be incredibly unfortunate and detrimental to the truth-finding process.

11.  Counsel for Defendant Lisa Brown concurs in Plaintiffs' instant request. Counsel for the State Defendants, obviously, does not.

WHEREFORE, the Plaintiffs, April DeBoer and Jayne Rowse, *et al*. , by and through the undersigned, hereby move this Honorable Court for an order, entered *nunc pro tunc*, extending the time for filing *Daubert* motions by one day.  In addition, Plaintiffs request that this Court deny the State Defendants' Motion to Strike Plaintiffs' *Daubert* motions.

Respectfully submitted,

*s/Carole M. Stanyar*
CAROLE M. STANYAR P34830
221 N. Main Street, Suite 300
Ann Arbor, MI 48103
(313) 819-3953
cstanyar@wowway.com

Dated:  February 6, 2014                        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

CAROLE M. STANYAR hereby certifies that a copy of Plaintiffs' Combined Motion for An Order Extending Time for Filing Motions by One Day, and Response to State Defendants' Motion to Strike Plaintiffs' Daubert Motions, and this Certificate of Service, were served upon Assistant Attorneys General Kristin Heyse, Tonya Jeter, and Joseph Potchen  and upon counsel for Ms. Brown, Andrea Johnson and Michael Pitt, ECF filers, on February 6, 2014.

*s/Carole M. Stanyar*
CAROLE M. STANYAR P34830