UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, *et al.*,

        Plaintiffs,

-vs-                                          E.D.Mich. No. 12-10285
                                                         Hon. Bernard A. Friedman

RICHARD SNYDER, *et al.*,

        Defendants.
_____/

**PLAINTIFFS' COMBINED MOTION FOR A *NUNC PRO TUNC* ORDER EXTENDINGTIME FOR FILING *DAUBERT* MOTIONS BY ONE DAY, AND RESPONSE TO STATE DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' *DAUBERT* MOTIONS**

      NOW COME THE PLAINTIFFS, April DeBoer and Jayne Rowse, *et al.*, by and through the undersigned, and move this Court for a *nunc pro tunc* order extending the time for filing *Daubert* motions[1] by one day. In addition, Plaintiffs offer the following as their response in opposition to the State Defendants' Motion to Strike Plaintiffs' *Daubert* motions.

    1. Pursuant to a stipulation by the parties, this Court previously entered an order setting a motion filing cut-off of February 4, 2014.

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

2. Undersigned counsel, who is responsible for scheduling matters for the Plaintiffs, inadvertently calendared the cut-off date incorrectly, as she mistakenly believed the cut-off date to be February 5, 2014.

3. On the morning of February 5, 2014, Assistant Attorney General Heyse telephoned the undersigned asking why no motions had been filed on February 4, 2014. At that time, the undersigned and co-counsel were in the process of finalizing their *Daubert* motions on the belief that February 5 was the filing cut-off date. Plaintiffs' *Daubert* motions were, in fact, filed on February 5, 2014. This conversation with Ms. Heyse was when the undersigned first became aware of her calendaring error.

4. During the same phone conversation, the undersigned requested that Ms.Heyse consent, in some manner, to the filing of Plaintiffs' *Daubert* motions one day late. Ms. Heyse advised that she would confer with her co-counsel and call the undersigned back.

5. Thereafter, and without any further contact with the undersigned, counsel for the State Defendants filed their motion to strike.

6. The filing of the Plaintiffs' motions on February 5th was not intended for the purpose of delay, it was not the result of an intentional act by the undersigned, and it was not intended to obtain a strategic advantage of any kind over the State Defendants. The State Defendants' motions of February 4, 2014, were not even

reviewed by the undersigned until after the filing of Plaintiffs' motions on February 5, 2014, and the State Defendants' motions had no bearing whatever as to which of Plaintiffs' motions would be filed or as to any content of Plaintiffs' motions.

7. To the extent that the State Defendants imply that Plaintiffs have disrespected the Court based upon Plaintiffs' failure to file a contemporaneous motion extending the time limit along with the filing of the *Daubert* motions themselves, this is flatly untrue. The undersigned was attempting to reach agreement with counsel for the State Defendants as to a stipulation and was awaiting a final response as their position, so as to not waste this Court's time with an unnecessary motion if possible.

8. Plaintiffs consent to this Court allowing the State Defendants an additional day to respond to the Plaintiffs' motions to eliminate any arguable issue of prejudice.

9. Undersigned counsel apologizes to the Court for her error, and asks for lenience as to the one day extension, especially in light of the fact that the parties have been remarkably diligent in completing discovery (including depositions involving no fewer than 11 experts from around the country) on an expedited schedule and otherwise preparing for the upcoming trial in this matter on an expedited basis.

10. The motions that opposing counsel are seeking to strike are extremely important to the litigation, and they inform the Court as to a central issue in the litigation of this case – the admissibility of the proposed testimony of the State Defendants' expert witnesses. Moreover, as this Court knows, this litigation affects not only the State of Michigan, but also the entire country. An order striking pleadings of great substance and scholarship for such a minimal and inadvertent error by counsel would be seriously detrimental to the truth-finding process.

11. Counsel for Defendant Lisa Brown concurs in Plaintiffs' instant request. Counsel for the State Defendants, obviously, does not.

WHEREFORE, the Plaintiffs, April DeBoer and Jayne Rowse, *et al.*, by and through the undersigned, pray this Court for an order, entered *nunc pro tunc*, extending the time for filing *Daubert* motions by one day to February 5, 2014. In addition, Plaintiffs request that this Court deny the State Defendants' Motion to Strike Plaintiffs' *Daubert* motions.

Respectfully submitted,

*s/Carole M. Stanyar*
CAROLE M. STANYAR P34830
221 N. Main Street, Suite 300
Ann Arbor, MI 48103
cstanyar@wowway.com

Dated: February 6, 2014                    Attorney for Plaintiffs