UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DEBOER, *et al*.,

      Plaintiffs,

  -vs -                  ED Mi #12-civ-10285
                             Hon. Bernard A. Friedman

RICHARD SYNDER, *et al*.,

      Defendants

_____/


AMENDED DECLARATION OF ATTORNEY ROBERT A.
SEDLER UNDER 28 USC § 1746 IN SUPPORT OF MOTION
FOR AWARD OF FEES AND COSTS PURSUANT TO 42 USC §1988

I, Robert A. Sedler, do hereby certify, under penalty of perjury, as follows:

1. I make this affidavit based on my own personal knowledge.

2. I am one of the attorneys who, along with my co-counsel, represent April DeBoer and Jayne Rowse and their children, in the above-captioned case.

3. Attached to this affidavit is a record that accurately describes the time devoted to the litigation of this matter to the best of my recollection.

4. I was first admitted to the Bar in 1959. I have been a full-time law professor ever since 1961. I am currently Distinguished Professor of Law at Wayne State University, where I have been since teaching since 1977. I teach the courses in Constitutional Law I and Constitutional Law II and a course in The Law of the First Amendment: Free Speech. Prior to coming to Wayne State, I was a Professor of Law at the University of Kentucky, where I taught a course in Civil Rights and a course in Civil Liberties.

5. In a period of over 50 years, I have published extensively in the area of constitutional law. My curriculum vita lists 50  law review articles, 3 book chapters and a number of shorter works on constitutional law. My major work is CONSTITUTIONAL LAW IN THE UNITED STATES 2d ed., 290pp., published by Wolters Kluwer in 2014. The work was originally published as a monograph as part of the Constitutional Law

1

Series of the International Encyclopedia of Law by Kluwer Law International in 1994. It was updated and republished in 2000 and 2005 and published as a stand-alone book in 2012. My publications in the area of constitutional law have been cited very frequently over the years by academic commentators and have been cited in support of legal propositions numerous times by federal and state courts, including the United States Supreme Court. I have lectured on American constitutional law at Universities in Russia, the Netherlands, and Slovakia. I frequently give talks on matters of constitutional law at public and organizational meetings in the Detroit metropolitan area, and do a great deal of commentary on current constitutional issues for the Michigan and national media.

6. I incorporate in this affidavit the billing rate information contained in paragraph 6 of the Affidavit submitted by Attorney Carole Stanyar. As a full-time law professor, I have never represented private clients on an hourly fee basis. All of the cases that I have litigated over the many years were on a pro bono basis or for such fees as were recoverable under 42 U.S.C. sec. 1988. At the present time, and for the last decade or so, I have consulted extensively on constitutional and federal jurisdiction issues with lawyers representing clients in constitutional cases. My billing rate to the lawyer is $700 per hour, time spent. In the last three years, two lawyers with whom I was consulting requested that I present oral argument in their cases before the United States Court of Appeals for the Sixth Circuit. The agreed upon fee for each argument was $30,000. As a matter of "billing judgment", I will agree to bill the State in this case at a rate of $350 per hour despite my broad experience, academic stature, and constitutional expertise.

7. Affiant has had extensive experience, especially in a period from 1967 to 2003, and continuing to a degree to the present time, in complex constitutional litigation. These areas have included, racial discrimination, gender discrimination, alien discrimination, reproductive freedom, freedom of speech, religious freedom and establishment clause, due process, equal protection, and physician-assisted death.

8. Complex constitutional cases that the affiant has litigated before this Court include: *Committee to End Racism in Michigan's Child Care System v. Mansour*, 85cv7438DT (E.D.Mich.1986) ( successful constitutional challenge to Michigan's ban on transracial foster care and adoption); *NAACP v Austin*, 857 F.Supp. 560 (E.D.Mich.1994) (constitutional and Voting Rights challenge to 1992 reapportionment of Michigan Legislature; reapportionment upheld); *Doe v. University of Michigan*, 721 F.Supp. 852 (E.D.Mich.1989) (successful First Amendment challenge to University of Michigan's "discriminatory speech" code); Lueth v. St. Clair Community College, 732 F.Supp.1410(E.D.Mich. 1990) (successful First Amendment challenge to college official's censorship of student newspaper); *Planned Parenthood Affiliates v. Miller*, 21 F.Supp.2d 740 (E..D.Mich. 1998) (successful First Amendment challenge to Michigan rule prohibiting non-profit corporations and labor unions from publishing advertisements with the name of a candidate for public office within 60 days of an election); *Seifferly v. Lincoln Park Public Schools*, No. 99-CV-60070-DT (E.D.Mich.1999) (challenge to school's "gang symbol" rule as applied to prohibit Wiccan student from wearing a

pentagram, the religious symbol of Wicca; resolved with consent decree providing "religious symbol" exception); *Marchwinski v. Howard*, 113 F.Supp.2d 1134 (E.D.Mich.2000), *aff'd by equal divided en banc court, 2003* U.S.App.LEXIS (6th Cir. 2003) (successful constitutional challenge to Michigan law requiring suspicionless drug testing of welfare applicants). Complex constitutional cases that affiant had litigated in federal courts in Kentucky include: *Jefferson v. Board of Education of Fayette County*, 344 F.Supp. 688 (E.D.Ky.1972) (successfully school desegregation case in Lexington-Fayette County Kentucky); *Newburg Area Council,Inc. v. Board of Education of Jefferson County, Kentucky*, 489 F.2d 925 (6th Cir.1973); same 510 F.2d 1358 (6th Cir.1974); *Newburg Area Council,Inc. v.Gordon*, 521 F.2d 578 (6th Cir.1975) (These cases involved successful desegregation and merger of the Jefferson County and Louisville School Districts); *McSurely v. Ratliff*, 262 F.Supp.848 (E.D.Ky. 1967) (successful First Amendment challenge to Kentucky "teaching sedition" law); *Preston v. Cowan*, 69 F.Supp. 14 (W.D.Ky. 1973) (successful First Amendment challenge to prison censorship); *Crossen v. Attorney-General*, 344 F.Supp. 587 (E.D.Ky.1972), *vacated*, 410 U.S. 950 (1973) ( constitutional challenge to Kentucky's anti-abortion law, along with *Roe v. Wade*, 410 U.S. 113 (1973)); *Wolfe v. Schroering*, 388 F.Supp. 631 (W.D.Ky.1974), *affirmed in part, reversed in part*, 541 F.2d 523 (6th Cir.1976) (constitutional challenge to Kentucky "round two" restrictions on abortion).

9. Complex Michigan constitutional cases that affiant has litigated in the United States Court of Appeals for the Sixth Circuit include: *Young v. Klutznick*, 652 F.2d 617 (6th Cir.617) (Detroit's constitutional challenge to 1980 census racial undercount; dismissed for lack of standing); *City of Detroit v. Franklin*, 4 F.3d 1367 (Detroit's constitutional challenge to 1990 census racial undercount; claim rejected on the merits);*G&V Lounge v. Michigan Liquor Control Commission, 23 F.3d 1071 (6th Cir.1994)* successful First Amendment challenge to city's imposing unconstitutional conditions on state-required approval of entertainment license); *ACLU v. City of Birmingham, 791 F.2d 1561 (6th Cir.1986 (*successful Establishment Clause challenge to city's display of Nativity Scene on city hall front lawn); *Stein v. Plainwell Community Schools*, 822 F.2d 1406 (6th Cir.1987); *Dambrot v. Central Michigan University*, 55 F.3d 1177 (6th Cir. 1995) (successful First Amendment challenge to Cental Michigan University's "discriminatory speech" code); *Johnson v. Economic Development Corp. of Oakland County*, 241 F.3d 501 (6th Cir.2001)Establishment Clause challenge to county development corporation's issuance of revenue bonds for construction of science laboratory at private sectarian school; Court found no Establishment Clause violation); *Cooley v. Granholm*, 291 F.3d 880 (6th Cir.2002) (constitutional challenge to Michigan's ban on physician-assisted death; case became moot); *Top Flight Entertainment,Ltd. v. Schuette*, 729 F.3d 623 (6th Cir.2013) (successful First Amendment challenge in retaliation claim on part of operator of adult entertainment establishment); *Michigan v.Kevorkian and Hobbins v. Attorney-General*, 447 Mich.436, 527 N.W.2d 714 (1994) (unsuccessful constitutional challenge to Michigan's ban on physician-assisted death); *Citizens v. Legislative Choice v. Miller*, 144 F.3d 916 (6th Cir. 1998), 479 N.W.2d 862 (Mich. 1998) (unsuccessful challenge to Michigan's legislative term limits); *NAACP v.*

3

*City of Dearborn*, 434 N.W.2d 444 (Mich.App.1988) (successful constitutional challenge to city ordinance barring non-residents from use of city parks).

10. The affiant has litigated cases in the United States Supreme Court, both as counsel for a party in a case before the Court and as the principal author of an amicus brief in a case before the Court. Affiant successfully argued before the Court as counsel for the Petitioner in *Mulloy v. United States*, 398 U.S. 410 (1970) (Draft prosecution against registrant claiming conscientious objector status reversed), and in *Taylor v. Hayes*, 418 U.S. 488 (1974) (Contempt conviction against lawyer for defendants in racially-charged death penalty case reversed on basis of due process violations by trial judge). The affiant has been the principal author of amicus briefs in a number of cases before the Supreme Court. They include the amicus brief of the Society of American Law Teachers in *Regents of the University of California v. Bakke*, 438 U.S. 265 (1978), the amicus briefs of the American Civil Liberties in cases involving alien discrimination, *Graham v. Richardson*, 403 U.S. 265 (1971), *Hampton v. Mow Sun Wong*, 426 U.S. 88 (1976), and *Matthews v. Diaz*, 426 U.S. 67 (1976), and school desegregation, *Dayton Board of Education v. Brinkman, 433 U.S. 406 (1977), Hazelwood School District v. United States*, 433 U.S. 406 (1977), and *Columbus Board of Education v. Paiwanic*, 443 U.S. 526 (1979). In addition, affiant has been involved in a number of other Supreme Court cases as counsel for the petitioner or counsel for the respondent.

11. Each of Plaintiff's attorneys played a unique and necessary role in the litigation. As a constitutional law professor and academic authority, the primary role of the affiant was to develop the constitutional arguments and to advise on all questions of constitutional law throughout the litigation. In 2002, I wrote an article, "A Constitutional Challenge to Michigan's Ban on Second Parent Adoption by the Unmarried Partner of the Child's Current Parent," 7 The Michigan Child Welfare Law Journal 10 Winter/Spring 2003. Following the Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2004), holding that the due process clause protected the right of same sex persons to consensual intimacy, the affiant concluded that it was structurally and doctrinally possible to make a strong argument that the Constitution should protect the right of same-sex couples to marry. The affiant developed this thesis first in a smaller piece, "The Constitution, Family Law and Same Sex Marriage," 33 Michigan Family Law Journal 10, December. 2003, and then developed it in a full-length law review article, "The Constitution Should Protect the Right to Same-Sex Marriage," 49 Wayne L.Rev. 975 (2004). In the summer, 2011, Attorneys Nessel and Stanyar came to consult with the affiant on whether it was possible to construct a constitutional challenge to Michigan's ban on joint adoption by an unmarried couple. The affiant referred them to these articles and worked with them in putting together the first complaint in the present litigation. The affiant co-authored the first brief in response to the state's motion to dismiss, and at the request of attorneys Nessel and Stanyar, presented the oral argument to the Court on the state's motion to dismiss.

When, following the Court's suggestion that they amend their complaint to

challenge the constitutionality of Michigan's ban on marriage for same-sex persons, the plaintiffs decided to so, the affiant worked with attorneys Nessel and Stanyar in putting the amended complaint together and in developing fully the doctrinal arguments to support the plaintiffs' constitutional claim. The affiant performed the academic constitutional expert role throughout the litigation.  The affiant reviewed all the draft briefs and made suggestions that were designed to strengthen the briefs. The affiant suggested various arguments and replies to the state's arguments and answered constitutional questions as they arose in the litigation. The affiant continued to perform this role until the final reply brief was filed in the Supreme Court.

The affiant has had extensive academic experience in reviewing writings by social scientists, and as a litigator involved in race discrimination cases experience in challenging the positions taken by opposing experts. The affiant read and critiqued academic writing of social scientists listed as expert witnesses by the states: Price, Allen, Marks, and Girgis. The affiant reviewed their witness statements and provided some suggestions for co-counsel in taking their depositions. The affiant assisted on other legal matters relating to the trial of the case. The affiant attended most of the trial and offered some suggestions on the cross-examination of the states's witnesses. The affiant followed the testimony closely in anticipation of taking the initial responsibility in preparing proposed findings of fact and conclusions of law. The affiant prepared the first draft of plaintiffs proposed findings of fact and conclusions of law and continued to work with co-counsel in preparing the final draft.

12. I expended 266.7 hours in the litigation of this matter. At a rate of $350 per hour, I am requesting an award of fees in the amount of $93,345.00.

13. I declare under penalty for perjury under the laws of the United States that the foregoing statement is true.

Further deponent sayeth not.

Dated: August 4, 2015

Robert A. Sedler

**Robert Sedler, Time record, <u>DeBoer</u> v. <u>Snyder</u>**

| <u>Date</u> | <u>Services Rendered</u> | <u>Time</u> |
|---|---|---|
| 7/21/11 | E-mails with Nessel re: facts of case, case law, abstention related to challenge to MAC. | 0.5 |
| 7/21/11 | Phone call with Nessel re: jurisdiction and abstention issues related to claim against MAC. | 0.8 |
| 8/16/11 | Read Nessel's e-mail re: jurisdiction and abstention issues in adoption case. | 0.3 |
| 8/23/11 | Meeting in my office with Nessel, Stanyar, and Ungar re: strategy for filing adoption case and division of responsibilities. | 3.0 |
| 9/2/11 | Read Nessel's e-mail re: drafting of pleadings. | 0.2 |
| 9/21/11 | Meeting in my office with Nessel, Stanyar, and Ungar re: division of responsibilities and strategy in adoption case. | 2.0 |
| 1/6/12 | Phone calls and e-mail with Nessel, Mogill, and Stanyar re: revisions to complaint and division of responsibilities. | 0.4 |
| 1/8/12 | E-mails with Nessel and Stanyar on edits to complaint. | 0.2 |
| 1/11/12 | Strategy conferences with Nessel and Stanyar re: division of responsibilities on complaint and affidavits. | 0.6 |
| 1/12/12 | Telephone conference with Stanyar re: affidavits | 0.3 |
| 1/15/12 | Exchange of e-mails with Stanyar and Mogill re: complaint and companion case rule | 0.2 |
| 1/17/12 | Meeting in my office with Nessel and Stanyar re: division of responsibilities. | 1.5 |

1

| | | |
|---|---|---|
| 1/24/12 | Telephone conference with Stanyar, Nessel and Mogill. | 0.5 |
| 1/31/12 | Telephone conference with Nessel and Stanyar re: case strategy and division of responsibilities. | 0.4 |
| 2/7/12 | Comments on draft motion for summary judgment in e-mails to Nessel and Stanyar. | 2.0 |
| 2/9/12 | Exchange of e-mails and telephone conferences with Nessel, Stanyar, and Mogill re: strategy and defendants' position in lawsuit, division of responsibilities. | 0.8 |
| 2/13/12 | Exchange of e-mails with Nessel and Stanyar re: summary judgment motion. | 0.2 |
| 2/16/12 | Comments on draft brief in support of motion for summary judgment in e-mails to Nessel and Stanyar. | 1.0 |
| 2/17/12 | Analyze defendants' motion to dismiss and send e-mail to Stanyar, Nessel and Mogill. | 0.6 |
| 2/21/12 | Telephone conference with Stanyar re: summary judgment motion and strategy. | 0.3 |
| 2/29/12 | Meeting in my office with Nessel, Mogill and Stanyar re: motion for summary judgment and division of responsibilities. | 1.3 |
| 3/7/12 | Comments on draft brief in support of motion for summary judgment in e-mails to Nessel, Stanyar and Mogill. | 1.0 |
| 3/10/12 | Comments on statement of undisputed facts in e-mails to Mogill, Nessel, and Stanyar | 0.5 |
| 3/11/12 | Exchange of e-mails and telephone conferences with Nessel, Stanyar and Mogill re: changes, edits to brief, and statement of undisputed facts. | 1.1 |

| | | |
|---|---|---|
| 3/12/12 | Telephone conference with Stanyar re: motions and page limits. | 0.2 |
| 3/12/12 | E-mails to Stanyar, Nessel and Mogill: re Howard and Nelson affidavits and attachments. | 0.2 |
| 6/22/12 | E-mails with Nessel, Stanyar, and Mogill re: hearing on motion to dismiss. | 0.5 |
| 6/23/12 | E-mails with Nessel, Stanyar, and Mogill re: hearing on motion to dismiss. | 0.2 |
| 7/7/12 | E-mails to Stanyar, Nessel and Mogill re: strategy following denial of state' motion to dismiss. | 1.0 |
| 8/9/12 | E-mails with Nessel, Stanyar and Mogill re: division of responsibility for hearing preparation. | 0.2 |
| 8/13/12 | Meeting in my office with Nessel, Mogill and Stanyar re: preparation for hearing. | 1.8 |
| 8/16/12 | Preparation of detailed outline for oral argument. 4 pp. E-mails to Stanyar, Nessel and Mogill. | 2.5 |
| 8/17/12 | Preparation of final outline for oral argument. E-mails to Stanyar, Nessel and Mogill. | 1.0 |
| 8/20/12 | E-mails with Nessel, Stanyar and Mogill re: oral argument. | 0.2 |
| 8/23/12 | Prepare draft oral argument. E-mail to Nessel, Stanyar and Mogill. | 2.0 |
| 8/24/12 | Prepare draft of revised oral argument. e-mail to Nessel, Stanyar and Mogill. | 2.5 |
| 8/27/12 | Meeting in my office with Nessel, Mogill, and Stanyar re: preparation for oral argument on motion to dismiss. | 2.0 |
| 8/29/12 | Prepare for and present oral argument in court | 3.0 |

3

on motion to dismiss.

| | | |
|---|---|---|
| 8/29/12 | Meetings, telephone conference and e-mails with Nessel, Mogill, Stanyar and clients re: amending complaint. | 3.1 |
| 8/30/12 | Work on exchange of e-mails and telephone conferences with Nessel, Stanyar, and Mogill re: proposed amended complaint. complaint. | 2.2 |
| 8/31/12 | Work on exchange of e-mails with Nessel, Stanyar, and Mogill re: proposed amended complaint. | 1.5 |
| 9/1/12 | Work on exchange of e-mails with Nessel, Stanyar and Mogill re :proposed amended complaint and division of responsibilities. | 0.9 |
| 9/1/12 | Memo to Nessel, Stanyar and Mogill on the "Baker problem." | 0.5 |
| 9/2/12 | Memo to Nessel, Stanyar and Mogill on the "Baker problem." | 0.2 |
| 9/2/12 | Work on exchange of e-mails with Nessel, Stanyar and Mogill re: proposed amended complaint and division of responsibilities. | 0.3 |
| 9/5/12 | Meeting at my home with Nessel, Stanyar and Mogill re: proposed amended complaint. | 2.0 |
| 9/20/12 | Telephone conference with co-counsel re: experts, amicus brief page limitations. | 0.3 |
| 9/25/12 | Phone calls and e-mails to and from Stanyar | 0.3 |
| 10/4/12 | E-mails with Nessel, Stanyar and Mogill re: status conference, division of responsibilities. | 0.2 |
| 10/4/12 | Review e-mail from Stanyar re: status conference strategy. | 0.1 |
| 10/4/12 | Telephone conference with Stanyar | 0.2 |

4

| | | |
|---|---|---|
| 10/11/12 | E-mails with Nessel, Stanyar and Mogill re: MMA count. | 0.3 |
| 10/24/12 | Analysis and preparation of overview of case. 9 pp. E-mail to Nessel, Mogill, and Stanyar. | 3.0 |
| 10/26/12 | Preparation of memo memo on standards of review.  2 ½ pages. E-mail to Nessel, Mogill, and Stanyar. | 1.5 |
| 11/7/12 | Review of state's brief and exchange of e-mails with Nessel, Mogill and Stanyar re: brief and election of Lisa Brown to replace Bullard as Oakland County Clerk. | 2.5 |
| 11/8/12 | Exchange of e-mails with Nessel, Stanyar and Mogill re: strategy for response brief on motion to dismiss count II of amended complaint. | 0.4 |
| 11/9/12 | E-mails to Nessel, Stanyar and Mogill re: possible religious freedom argument. | 0.1 |
| 11/25/12 | Review draft response brief and exchange e-mails with Nessel, Stanyar and Mogill on revisions and edits. | 2.5 |
| 11/26/12 | E-mails to Nessel, Stanyar and Mogill re: arguments in brief. | 0.5 |
| 11/27/12 | E-mails to Nessel, Stanyar and Mogill re: arguments in brief. | 0.2 |
| 11/28/12 | Exchange of e-mails with Nessel, Stanyar and Mogill on revisions and edits. | 0.5 |
| 11/29/12 | Final review of draft response brief and exchange of e-mails with Nessel, Stanyar and Mogill on revisions and edits. | 1.1 |
| 11/30/12 | E-mails to Stanyar, Nessel and Mogill re: traditional marriage. | 1.0 |
| 11/30/12 | E-mails to Nessel, Staynar and Mogill re: Sevick case. | 0.5 |

| 1/11/13 | Prepare and send e-mail to Stanyar . | 0.2 |
| 2/12/13 | E-mail to Nessel, Stanyar and Mogill re amendments to MAC. | 0.2 |
| 2/13/13 | Phone conference with Nessel re: new amendments to MAC. | 0.4 |
| 2/15/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: filing of supplemental brief on amendments to MAC. | 0.3 |
| 2/15/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: request by OC corporation counsel for time extension. | 0.2 |
| 2/18/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: amendments to MAC | 0.7 |
| 2/19/13 | Exchange of e-mails with Nessel, Stanyar, and Mogill re: strategy for argument of motions. | 0.5 |
| 2/19/13 | Telephone conference with Stanyar, Nessel and Mogill re: strategy and division of responsibilities | 0.3 |
| 2/26/13 | Exchange of e-mails with Stanyar, Nessel and Mogill: next actions and division of responsibilities | 0.2 |
| 2/27/13 | Exchange of e-mails with co-counsel Mogill re: division of responsibiities. | 0.2 |
| 2/28/13 | Meeting in my office with Nessel, Stanyar and Mogill re: preparation for oral argument on motion to dismiss. | 2.0 |
| 3/7/13 | Appearance at oral argument. | 1.0 |
| 3/7/13 | Exchange of e-mails with Stanyar, Nessel and Mogill re: strategy. | 0.3 |
| 3/29/13 | Read and prepare comments on transcript of oral argument in Perry and Windsor cases. E-mails to Stanyar, Nessel and Mogill. | 3.0 |
| 3/29/13 | Prepare and send e-mail to Stanyar re: strategy. | 0.5 |

| 4/1/13 | Exchange of e-mails with Stanyar, Nessel, and Mogill re: strategy. | 0.2 |
|---|---|---|
| 6/19/13 | Exchange of e-mails with Stanyar, Nessel, and Mogill re: strategy. | 0.3 |
| 6/26/13 | Meeting in my office with Nessel and Stanyer re: delegation of responsibilities and strategy following Perry and Windsor decisions. | 2.0 |
| 6/30/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: strategy in light of Windsor decision | 1.3 |
| 6/30/13 | Phone call with Nessel re: strategy (request AG to stipulate to no further discovery and proceed to cross-motions for summary judgment). | 0.4 |
| 7/1/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re strategy for scheduling conference (stipulation for no further discovery; cross-motions for summary judgment). | 0.5 |
| 7/7/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re strategy for scheduling conference (stipulation for no further discovery and cross-motions for summary judgment). | 0.5 |
| 7/8/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re strategy for scheduling conference (stipulation for no further discovery and cross-motions for summary judgment). | 1.0 |
| 7/9/13 | Exchange of e -mails with Nessel, Stanyar and Mogill re: strategy for proceeding on motions with respect to Sixth Circuit. | 0.5 |
| 7/11/13 | Exchange of e-mails and phone calls with co-counsel re: dividing responsibilities on motions. | 0.3 |
| 7/12/13 | Exchange of e-mails with co-counsel re: strategy and division of responsibilities on motion for summary judgment. | 0.2 |
| 7/15/13 | Exchange of e-mails with co-counsel re: strategy and | 0.2 |

7

|  |  |  |
|---|---|---|
| | division of responsibilities on motion for summary judgment. | |
| 7/16/13 | Preparation of memo with analysis of Windsor, 4 pp; e-mails to Stanyar, Nessel and Mogill. | 3.0 |
| 7/16/13 | Exchange of e-mails with Nessel re: strategy on motion for summary judgment; division of responsibilities. | 0.3 |
| 7/23/13 | Exchange of e-mails with Nessel re: strategy for Brown fillings. | 0.2 |
| 7/25/13 | Preparation of draft merits brief. E-mails to Nessel, Stanyar and Mogill. | 4.0 |
| 8/16/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: Response brief, including Baker analysis, marriage as a fundamental right. | 1.4 |
| 8/19/13 | Telephone conference with Stanyar, Nessel and Mogill re: division of responsibilities and amicus brief. | 0.5 |
| 8/20/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: response to Regnerus study. | 0.7 |
| 9/11/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: arguments for reply and edits. | 1.8 |
| 9/12/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: arguments for reply brief and edits. | 1.1 |
| 9/30/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: preparation for oral argument on summary judgment motions. | 1.1 |
| 10/2/13 | Phone call with Nessel re: motion to align parties | 0.2 |
| 10/3/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: AG's motion to realign parties and edits to draft of motion in response. | 0.6 |
| 10/10/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: likely questions at oral argument. | 0.4 |

| | | |
|---|---|---|
| 10/14/13 | Telephone conferences with Nessel, Stanyar and Mogill re: strategy for oral argument. | 0.6 |
| 10/17/13 | Telephone conference and exchange of e-mails with co-counsel. | 0.6 |
| 10/20/13 | Exchange of e-mails with Nessel re: trial strategy | 0.1 |
| 10/20/13 | Comments on transcript of Lamb testimony; e-mails to Nessel, Stanyar and Mogill. | 0.7 |
| 10/24/13 | Meeting in Pitt's office in Royal Oak with Nessel, Stanyar, Mogill and Pitt re: determination of expert witness areas; delegation of responsibilities. | 4.0 |
| 10/24/13 | Travel to/from Royal Oak office. | 1.0 |
| 10/24/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: expert witnesses. | 0.2 |
| 10/27/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: locating expert witnesses; delegation of responsibilities. | 0.5 |
| 10/27/13 | E-mails to Stanyar, Nessel and Mogill re: outline of trial. | 1.0 |
| 10/30/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: expert witnesses; use of ACLU attorney Leslie Cooper for Regnerus information. | 0.5 |
| 11/4/13 | Telephone conferences and exchange of e-mail with co-counsel re: expert witnesses. | 0.4 |
| 11/5/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: potential new expert witnesses. | 0.6 |
| 11/7/13 | Meeting in Pitt's office in Royal Oak with Nessel, Stanyar, and Mogill re: expert witnesses and division of responsibilities for expert witnesses. | 4.0 |
| 11/7/13 | Travel to/from Royal Oak office. | 1.0 |
| 11/10/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: division of responsibilities for expert witnesses. | 0.3 |

9

| | | |
|---|---|---|
| 11/11/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: expert witnesses. | 0.2 |
| 11/14/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: review and editing of witness list. | 0.5 |
| 11/15/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: expert witnesses on issue of heightened scrutiny. | 0.5 |
| 11/16/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: state's expert witnesses. | 0.7 |
| 11/17/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: plaintiffs' and state's expert witnesses. | 1.0 |
| 11/18/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: opposition research on state's expert witnesses | 0.3 |
| 11/23/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: amended witness list. | 0.3 |
| 11/25/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: Rule 26 specifications, format of expert witness reports. | 0.5 |
| 12/9/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: MDCR report and testimony regarding report reports. | 0.2 |
| 12/13/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: use of Detman as adoption expert. | 0.7 |
| 12/16/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: edits to Kirkland report. | 0.4 |
| 12/17/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: contents of Sankaran report and similar reports. | 0.6 |
| 12/18/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: coordination of Gates, Peplau and Herek reports | 0.9 |
| 12/18/13 | Exchange of e-mails with Nessel, Stanyar and Mogill re: consolidating Sanderson and Bassett reports | 1.0 |
| 12/18/13 | Phone conferences with co-counsel re: coordination | 0.5 |

10

of material in reports.

| | | |
|---|---|---|
| 12/19/13 | Exchange of e-mails with co-counsel re: expert witnesses | 0.3 |
| 12/20/13 | Exchange of e-mails and phone conference with Nessel, Nessel, Stanyar and Mogill re: expert witnesses, striking witnesses and deciding what witnesses not to call. | 2.0 |
| 1/3/14 | Telephone conference with co-counsel to prepare for depositions. | 0.3 |
| 1/3/14 | E-mail to Stanyar re: Marks deposition. | 0.5 |
| 1/5/14 | E-mail to Stanyar re: Marks deposition. | 0.5 |
| 1/8/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: Bassett testimony. | 1.0 |
| 1/8/14 | Summary of analysis of writings of Allen, Price, Marks and Girgis. E-mail to Nessel, Stanyar and Mogill. | 2.0 |
| 1/9/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: Bassett testimony. | 0.6 |
| 1/9/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: Bassett testimony. | 0.6 |
| 1/15/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: Chanucey and Brodzinsky depositions and transcripts. | 0.3 |
| 1/15/14 | Exchange of e-mails with Nessel re: Price and Allen depositions. | 0.3 |
| 1/17/14 | E-mail to Nessel; copies to Stanyar and Mogill. Comments on Price Report and overview of social science testimony; suggestions for Price deposition. | 2.5 |
| 1/22/14 | Meeting at Pitt's office with DeBoer, Nessel, Stanyar and Mogill re: edits to witness list; decisions re witness testimony to be consolidated. | 2.5 |
| 1/22/14 | Travel to and from Detroit to Royal Oak. | 1.0 |

| | | |
|---|---|---|
| 1/28/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: stipulations for plaintiffs' testimony in lieu of depositions and trial testimony. | 0.4 |
| 1/29/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: deposition issues with Sankaran, areas of Sankaran testimony. | 0.5 |
| 1/29/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: Daubert motions on Regnerus, Price, Allen, Girgis. | 0.6 |
| 1/30/14 | Exchange of e-mails with Nessel and Mogill re: Draft findings of fact/conclusions of law. | 0.2 |
| 2/3/14 | E-mails to Nessel, Stanyar and Mogill re: proposed findings of fact/conclusions of law. | 0.3 |
| 2/4/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: edits to plaintiffs' Daubert motions | 0.4 |
| 2/5/14 | E-mails and phone calls with Nessel re: edits to Sarkaran response. | 0.7 |
| 2/5/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: findings of fact/conclusions of law. | 0.4 |
| 2/6/14 | Phone conversation with co-counsel re: findings of fact/conclusions of law. | 1.0 |
| 2/7/14 | Phone conversation with co-counsel re: findings of fact/conclusions of law. | 0.5 |
| 2/7/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: scheduling conference with court. | 0.5 |
| 2/8/14 | Exchange of e-mails with Nessel re: edits to Sankaran motion. | 0.5 |
| 2/9/14 | E-mail to Nessel on her response to state's motion to disqualify Sankaran. | 0.3 |
| 2/9/14 | Draft of proposed findings of fact/conclusions of law for use at trial and for after trial. | 4.0 |

12

| 2/10/14 | Phone call with Nessel re: Sankaran, adoption motions, findings of fact/conclusions of law. | 0.5 |
| 2/10/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: scheduling of witnesses for trial, stipulations with Attorney-General, Daubert rulings, Brodzinsky/Gates adoption data from 2012 census information. | 1.2 |
| 2/10/14 | Preparation of proposed findings of fact based on Chauncey's testimony on the historic pattern of disadvantage. | 2.0 |
| 2/11/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re:Chauncey stipulation; agenda for status conference with court. | 0.6 |
| 2/12/14 | Exchange of e-mails with Nessel, Stanyar, and Mogill re: amended stipulation for plaintiffs' testimony, Sankaran testimony. | 0.6 |
| 2/13/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: Chauncey stipulation, coordination of opening and closing arguments, supplemental Brodzinsky and Gates reports. | 1.0 |
| 2/17/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: exhibits, witnesses, daily trial transcripts. | 0.8 |
| 2/18/14 | Telephone conferences and exchange of e-mails with Stanyar, Nessel and  Mogill re: witness problems; stipulations to eliminate witnesses; coordination of content of expert testimony. | 1.5 |
| 2/19/14 | Exchange of e-mails with Nessel, Stanyar and Mogill re: findings of fact, conclusions of law. | 0.3 |
| 2/20/14 | Exchange of e-mails with Nessel re: edits to Sankaran/ Gates direct examinations, exhibits and power point. | 0.3 |
| 2/21/14 | Review of Nessel's proposed direct examination of Gates. Comments and suggestions by e-mail to Nessel. | 1.5 |
| 2/24/14 | Exchange of e-mails with Nessel, Stanyar and Mogill | 0.3 |

13

|  |  |  |
|---|---|---|
|  | re: Augustiyniak, exhibits. |  |
| 2/24/14 | Exchange of e-mails with Nessel re: Gates direct examination. | 0.1 |
| 2/25/14 | Attendance at trial. | 7.0 |
| 2/26/14 | Attendance at trial. | 4.5 |
| 2/28/14 | Attendance at trial. | 7.0 |
| 2/28/14 | Meeting with co-counsel and clients. | 0.5 |
| 3/1/14 | E-mail to Mogill re: Old and new legal norms | 0.5 |
| 3/2/14 | Exchange of e-mails with Nessel re: Price cross-examination. | 0.4 |
| 3/2/14 | E-mail to Mogill re: tradition and incidents of marriage. | 0.3 |
| 3/3/14 | Attendance at trial. | 7.0 |
| 3/4/14 | Attendance at trial. | 7.0 |
| 3/4/14 | Prepare and send to co-counsel draft findings of fact/conclusions of law. | 4.0 |
| 3/5/14 | Attendance at trial. | 7.0 |
| 3/7/14 | Appearance at trial. | 7.0 |
| 3/8/14 | Prepare and send to co-counsel revised draft findings of fact/conclusions of law. | 2.0 |
| 3/21/14 | Read, analyze, and comment on Judge Friedman's Opinion. | 1.5 |
| 3/25/14 | E-mails to Stanyar, Nessel and Mogill re: stay | 2.0 |
| 5/12/14 | Analyze the Schuette decision and show how why it does not apply to our case. E-mail to Stanyar,, Nessel and Mogill. | 2.0 |
| 5/25/14 | Review, analyze and comment on Stanyar draft | 3.0 |

|  | Sixth Circuit brief and give overview of the case. E-mail to Stanyar, Nessel and Mogill. | |
|---|---|---|
| 5/30/14 | Exchange of e-mails with Mogill, Stanyar, and Nessel in regard to due process argument. | 1.0 |
| 6/2/14 | E-mail to Stanyar with comments on revised draft Sixth Circuit brief. | 1.0 |
| 6/6/14 | Telephone conference with co-counsel on draft Sixth Circuit brief | 1.0 |
| 7/10/14 | E-mail to Stanyar analyzing issue of polygamy and rational basis review. | 1.0 |
| 7/31/14 | Exchange of e-mails with Stanyar and co-counsel re: argument strategy. | 0.9 |
| 9/4/14 | E-mail to Stanyar, Nessel, Mogill and Soubly on Soubly's comments on Posner's opinion for the 7th Circuit. | 0.3 |
| 9/5/14 | E-mail to Stanyar, Nessel, Mogill and Soubly on Soubly's comments on Posner's opinion for the 7th Circuit. | 0.3 |
| 10/2/14 | E-mail to Stanyar on structure of Stanyar anticipated petition for certiorari. | 0.5 |
| 10/6/14 | Exchange of e-mails and telephone conference with co-counsel and Soubly re: certiorari denials in Bostic, Kitchen, etc. | 0.5 |
| 10/7/14 | Exchange of e-mails with Stanyar on certiorari denials. | 0.2 |
| 10/9/14 | Read and comment on Stanyar anticipatory petition for certiorari; E-mail to Stanyar, Nessel and Mogill. | 1.0 |
| 10/13/14 | Read and comment on Stanyar anticipatory petition for certiorari; E-mail to Stanyar, Nessel and Mogill. | 0.8 |
| 10/29/14 | Preparation of 7 page memo for our legal team analyzing the 4 U.S. Court of Appeals decisions holding unconstitutional state bans on marriage for same-sex couples. E-mail to Stanyar, Nessel and Mogill. | 3.0 |

15

| | | |
|---|---|---|
| 10/30/14 | Analysis of due process argument in relation to equal protection argument. E-mail to Stanyar, Nessel, and Mogill | 1.2 |
| 11/7/14 | Analyze 6th Circuit opinion | 3.5 |
| 11/7/14 | Telephone conference with Stanyar, Nessel and Mogill re: delegation of responsibilities. | 0.3 |
| 11/7/14 | Exchange of e-mails with Stanyar re: strategy | 0.2 |
| 11/7/14 | Read and comment on draft certiorari petition | 0.8 |
| 11/8/14 | Exchange of e-mails with Stanyar re: 6th Circuit's analysis. | 0.3 |
| 11/11/14 | Exchange of e-mails with Stanyar re: 6th Circuit's analysis. | 0.3 |
| 11/14/14 | E-mail to Stanyar re: comments on draft petition for certiorari. | 0.4 |
| 12/31/14 | E-mail to Nessel on effect in other states of negative U.S. Supreme Court ruling in DeBoer. | 0.4 |
| 1/19/15 | Exchange of e-mails with Stanyar, Mogill, Nessel and Bonauto re: strategy and delegation of responsibilities. | 0.6 |
| 1/19/15 | E-mail to Mogill re: Nieto amicus brief. | 0.2 |
| 1/20/15 | Analyze and comment on draft brief. E-mail to co-counsel. | 1.5 |
| 1/22/15 | E-mails to Stanyar,Nessel, Mogill and Bonauto on Snyder decision re recognition of out-of-state marriages. | 0.2 |
| 2/2/15 | Further analysis and comments on draft brief. E-mail to co-counsel. | 2.3 |
| 2/09/15 | E-mail to Nessel, Stanyar and Mogill re: equal dignity and respect. | 0.1 |
| 2/9/15 | Read Stanyar's e-mail regarding brief | 0.1 |
| 2/10/15 | Review second draft and prepare comments. E-mail to co-counsel | 2.4 |
| 2/11/15 | Exchange of e-mails with Stanyar re: amicus briefs. | 0.2 |

| | | |
|---|---|---|
| 2/12/15 | Telephone conference with Stanyar re: order of arguments | 0.4 |
| 2/13/15 | E-mails to Mogill, Bonauto and Stanyar re: out-of-state recognition in relation to in-state marriage. | 0.5 |
| 2/14/15 | Extensive analysis of recognition of out-of-state marriages of sex-sex persons as justification for denying in-state marriage. 3 ½ pp: e-mails to Mogill, Stanyar and Bonauto. | 2.0 |
| 2/15/15 | E-mails to Mogill,Bonuto, Stanyar, and Nessel re: New research on children of same-sex parents. | 0.2 |
| 2/23/15 | Analysis and comments on draft brief. 5 pp. E-mails to Stanyar, Nessel, Mogill and Bonauto. | 3.0 |
| 3/15/23 | E-mail to Mogill re: Marriage within home state | 0.2 |
| 3/23/15 | Memo for Stanyar on religious freedom and sex discrimination. | 1.0 |
| 3/24/15 | Review law student summaries of amicus briefs and e-mails to Stanyar, Nessel, Mogill and Bonauto. | 2.0 |
| 3/26/15 | E-mail to Stanyar re: polygamy. | 0.1 |
| 3/28/15 | E-mail to Stanyar and Mogill re: Town of Greece case | 0.1 |
| 4/6/15 | Prepare comments on draft brief. E-mail to co-counsel. | 1.5 |
| 4/6/15 | E-mail to Stanyar re: rational basis and equal protection | 0.2 |
| 4/7/15 | E-mails to Stanyar, Mogill and Bonauto re: Due process and denial of benefit. | 0.2 |
| 4/8/15 | Analyze, prepare comments and forward to co-counsel law student analysis of Family Research Council amicus brief. | 1.0 |
| 4/9/15 | Prepare comments on draft brief. E-mail to co-counsel. | 2.0 |
| 4/10/15 | E-mail to co-counsel on turning state's arguments against it. | 0.5 |
| 4/11/15 | E-mail to Stanyar re: due process and denial of benefits | 0.1 |

17

| 4/25/15 | Travel to D.C. | 4.0 |
| 4/28/15 | Attendance at oral argument | 1.5 |
| 4/28/15 | Meetings with co-counsel and clients | 2.0 |

Total hours    266.7

Fee amount  266.7 X $350    $93,450